Baymohd E. Aldrich, Jr., J.
Defendant moves pursuant to GPL 210.20, 210.25, 210.30, 210.35 and 210.40 for an order (1) to inspect the Grand Jury minutes, and (2) to dismiss the indictment upon the ground that the purported indictment is not an indictment by a Grand Jury as required by the Fifth and Fourteenth Amendments of the United States- Constitution and article I (§§ 6 and 11) of the New York State Constitution, thus depriving this court of jurisdiction over the defendant.
The motion is supported solely by the affidavit of the defendant’s attorney to which is attached a copy of the indictment. While the affiant does not address himself to the insufficiency of Grand Jury evidence by sworn allegations of fact alleging that there is reasonable cause to believe that the Grand Jury evidence was not legally sufficient to support the only count of the indictment, the contention is advanced that the indictment is not an indictment by a Grand Jury under constitutional standards since at the time the Grand Jury voted on the charge no formal typewritten indictment had, in fact, been prepared; that the procedure practiced by Dutchess County Grand Juries in voting indictments was to have the District Attorney after the presentation of a case make his recommendations as to what charges should be voted upon, that thereafter the Grand Jury would vote upon the recommendations and inform the District Attorney whether or not an indictment had been found, that thereafter the District Attorney would cause an indictment in instrument form to be typed in conformity with the findings of the Grand Jury, which would then be transmitted to the Grand Jury for execution, and in support of his con *889 tention he alleges that in his conversation with the assistant district attorney who presented the case he was informed that after presentation of the evidence he recommended to the Grand Jury that they vote on whether or not the defendant should be indicted for the crime of possession of weapons and dangerous instruments and appliances, a Class D felony (the crime for which he was actually indicted), that the Grand Jury voted to find such an indictment which he thereafter prepared and which was signed by the foreman and the acting district attorney without the indictment itself in instrument form being reviewed by the Grand Jury.
The People oppose the motion by the affidavit of the assistant district attorney who presented the evidence to the Grand Jury in which he contends the motion is untimely since two previous motions were made and decided, and additionally, and of more consequence, contending that the procedure advanced by the defendant of having the indictment actually typed and given to the members of the Grand Jury prior to their voting upon any charge would have the effect of “ ramrodding ” indictments through the Grand Jury utilizing that body as a “ rubber stamp ’ ’, and be a presumptuous procedure presupposing the terms of an indictment even before the Grand Jury had voted as to whether or not the individual should even be indicted for a crime, and if so, for what crime.
The objection as to the untimeliness of the motion is unpersuasive in view of the issues now raised which have constitutional dimensions (OPL 210.20, subds. 2, 3).
The assistant district attorney who presented the evidence before the Grand Jury outlines under oath in his opposing affidavit the procedure which was followed in this case, namely: “ That since the defendant was originally arrested on a gambling and a weapons charge, witnesses testified as to both charges; that after the testimony of all but the last witness was heard he read to the grand jury the following provisions of the Penal Law: Possession of Gambling Records in the Second Degree (§ 225.15), Possession of Weapons and Dangerous Instruments and Appliances as a Misdemeanor (§ 265.05, subd. 2), and Definitions (§ 265.00, subd. 3), and he gave instructions on the differences between actual and constructive possession, and the fact that there was no presumption that the gambling slips belonged to the defendant simply because they were found in his apartment; that after his presentation the grand jury deliberated in his absence; that a short time later he was called back into the grand jury room and advised by *890 the foreman in the presence of the other grand jury members that they had voted to indict the defendant for Possession of Weapons and Dangerous Instruments and Appliances as a Misdemeanor; that thereafter the grand jury heard the last witness and received evidence indicating the defendant’s prior criminal conviction, after which the assistant district attorney read to the grand jury the provisions of Penal Law § 265.05, subd. 3, and explained its relation to Penal Law § 265.05, subd. 2; that after this the grand jury then deliberated again, and voted to indict the defendant for Possession of Weapons and Dangerous Instruments and Appliances as a Class D Felony, but did not indict him on a gambling charge; that he was informed of the final decision of the grand jury by the foreman in the presence of the other members; that pursuant to the last vote he directed a stenographer to type an indictment which was subsequently given to the foreman, and he eventually signed it. ’ ’
The opposing affidavit further alleges upon information and belief, that the foreman did not read the typewritten instrument to the other members of the Grand Jury, and such is accepted by the court as a fact in determining these motions.
The motion to dismiss upon the ground that the indictment is not one by a Grand Jury will be considered first before the motion to inspect the Grand Jury minutes for legal sufficiency of the evidence.
The court secured the Grand Jury minutes of testimony and the Grand Jury minute book. (People v. Salerno, 3 N Y 2d 175, 178.) The minutes show that witnesses were heard on April 17, 1973 and on April 26, 1973, and the minute book establishes that of a body of 23 members on each of those two dates 21 grand jurors were present, with the same member absent on both dates, such an attendance being in compliance with the statute (CPL 190.25, subd. 1). The minute book further proves that on April 26, 1973, the defendant was indicted for the crime of possession of weapons, a felony, by the concurrence of 20 voting to indict with one member abstaining, more than the minimum number required by the aforesaid statute, and additionally, that by the same vote the Grand Jury returned a not found bill on a gambling charge.
It would also appear from the obvious markings on the minute book that one other vote was taken, and carried by 12 affirmative votes, and then crossed out, which could only mean the vote on possession of weapons, a misdemeanor, which would occur before the testimony of the last witness on April 26, 1973 when the felony gun charge was substituted for the misdemeanor *891 charge. These records substantiate the recitation of events outlined by the assistant district attorney. .
This court holds that an indictment is found when the requisite number of grand jurors vote to indict for a specific crime which will sufficiently inform the defendant of the nature of the charges against him so as to enable him to prepare his defense and protect him adequately against possible double jeopardy. Such was done in this case when the Grand Jury indicted the defendant for possession of weapons and dangerous instruments and appliances, a Class D felony, as established by the minutes, minute book and the assistant district attorney’s affidavit.
After the indictment charging the defendant with the felony gun charge was voted, the translation of that vote into a formal written instrument is a ministerial formality. This court finds under the facts of this case that the defendant was indicted by the act of the Grand Jury, and that it was not necessary in view of the procedures followed to have the formal indictment typed prior to the vote, or ratified subsequent to its being drafted. In fact if one had been prepared charging a gambling crime that act would have been meaningless since the Grand Jury refused to so indict for any gambling crime. A reading of CPL 190.65 (subd. 3) clearly provides that after an indictment is voted, a Grand Jury must, through its foreman or acting foreman file an indictment with the court, which can only mean the legislative intent that the formal instrument, with its text and language, be prepared in conformity with the vote of the concurring members.
As heretofore indicated, the court did examine the minutes of the testimony of the witnesses for use on the motion to dismiss, and they are being utilized after the motion to inspect (CPL 210.30) which was granted, in order to pass upon the legal sufficiency of the evidence, and therefrom this court does find that the indictment is predicated upon evidence which is legally sufficient to support the crime of possession of weapons and dangerous instruments and appliances, a Class D felony, and establish that the defendant committed such offense.
The formal instrument which was signed by the acting district attorney and the foreman conforms with, and is supported in every detail by the testimony of the witnesses, and to hold that this Grand Jury did not act to indict this defendant for this particular crime because the “paper work” evidencing their action had not been completed would be ridiculous, and at vari *892 anee with the sworn assertions of the assistant district attorney, the minutes, and the minute book itself.
For the foregoing reasons the motion to dismiss upon the ground that this indictment is not an indictment by a Grand Jury is denied, as is the motion to dismiss for the lack of legally sufficient evidence, which was reached after the granting of the motion to inspect.
So ordered.
Notwithstanding the foregoing, the court is of the opinion that the procedure advanced by Gaither v. United States (413 F. 2d 1061) is commendable, and submission of the formal typewritten instrument for ratification by the Grand Jury would eliminate in the future any doubt that the instrument did not reflect the actions of the Grand Jury. It is also noted that the rule outlined in Gaither is not universally accepted by all Federal courts (United States v. Jeffries, 45 F. R. D. 110; United States v. Richter Concrete Corp., 328 F. Supp. 1061; United States v. Niedelman, 356 F. Supp. 979).