■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MILLS, Also Known as MICHAEL JORDAN, Appellant. —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered March 14, 1988, convicting him of attempted criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that it was legally impermissible to prosecute him by means of a superior court information after the Grand Jury had voted to indict him, but prior to the filing of the formal, written indictment. CPL 195.10 (2) (b) unequivocally provides that a defendant may waive indictment and consent to be prosecuted by superior court information in the appropriate superior court "at any time prior to the filing of an indictment by the grand jury." Here, the defendant waived indictment and consented to be prosecuted by a superior court information prior to the actual filing of the indictment with the court.

Furthermore, CPL 190.65 (3) clearly provides that "[u]pon voting to indict a person, a grand jury must, through its foreman or acting foreman, file an indictment with the court by which it was impaneled." This provision can only mean that the Legislature intended that "the formal instrument, with its text and language, be prepared in conformity with the vote of the concurring members" and, thereafter, filed *(see, People v Roberts,* 76 Misc 2d 887, 891). The usual Grand Jury procedure results in a time lag attributable to the prosecutor's preparation of a written indictment in conformity with the

Grand Jury's prior vote, which is then signed by the foreman and filed with the court (see, People v Barysh, 95 Misc 2d 616, 625, n 1; People v Roberts, supra). As evidenced by CPL 190.65 (3), the Legislature was cognizant of the time lag which transpires between a Grand Jury's vote to indict a defendant and the filing of the formal, written instrument by its foreman or acting foreman. Consequently, the Legislature's use of the term "file", rather than "vote", when enacting the time limitations set forth in CPL 195.10 (2) (b) for waiving an indictment in superior court, belies any intention to time bar a waiver made after the Grand Jury votes a true bill but prior to the filing of the indictment with the court. Accordingly, the waiver of indictment was timely and there was no error in prosecuting the defendant by means of a superior court information submitted after the Grand Jury voted to indict him (cf., People v Banville, 134 AD2d 116).

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Kunzeman and Rubin, JJ., concur.