■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL CASDIA, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered March 21, 1985, convicting him of sodomy in the first degree and sexual abuse in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, on the law, and S.C.I. No. W-78/85 is dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury; and it is further,

Ordered that upon service upon him of a copy of this decision and order, with notice of entry, the official having custody of the defendant's person is directed to produce him, forthwith, before the County Court, Suffolk County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance, or fixing bail, or committing him to the custody of the Sheriff pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof (cf., CPL 210.45 [9]). Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the County Court, Suffolk County, to a designated subsequent date if such be necessary to accord the People a reasonable opportunity to resubmit the case to a Grand Jury.

By Suffolk County indictment No. 852/84 filed on or about May 21, 1984, the defendant was charged with one count of sodomy in the first degree and with one count of sexual abuse in the first degree. However, although the indictment accurately described the conduct which formed the basis for the sodomy charge, it contained an inaccurate description of the conduct underlying the sexual abuse charge. While the Grand Jury had been presented evidence and had been charged on the theory that the conduct supporting the sexual abuse count was a touching of the breasts of the victim, the sexual abuse count in the indictment did not refer to that conduct but, instead, described deviate sexual intercourse which related to the sodomy count.

Prior to the commencement of the nonjury trial on February 4, 1985, that error in the indictment was brought to the trial court's attention. At that time, the trial court rejected the prosecutor's request to amend the indictment, stating that it would tend to change the theory of the prosecution, but then suggested that there were two alternative ways to proceed—either re-presentation of both counts to a second Grand Jury, or preparation of a superior court information correcting the error as to the sexual abuse count. After the defendant and his counsel indicated that they had no objection to immediately proceeding by way of a superior court informa-

tion, an appropriate information was prepared, the defendant was arraigned thereon, the indictment was dismissed, and the nonjury trial was held.

On appeal, the defendant contends that his waiver of the indictment and prosecution by the superior court information was fatally defective. We agree. Pursuant to CPL 195.10 (2) (b), a defendant may waive indictment and consent to be prosecuted by a superior court information in "the appropriate superior court, *at any time prior to the filing of an indictment by the grand jury"* (emphasis added). In this case, it is uncontroverted that the indictment had been filed well before the time the defendant purportedly waived his right to proceed by way of a proper indictment. Since the statute clearly and unequivocally states that any such waiver must be made *before* an indictment is filed, it is readily apparent that the waiver herein was untimely and, therefore, invalid.

Support for this conclusion can be found in the recent Court of Appeals decision in *People v Boston* (75 NY2d 585). In *Boston,* the Court of Appeals held that a defendant's waiver of indictment and consent to proceed by way of a superior court information, which was then consolidated into an already-filed indictment arising out of the same crime, was a nullity. Quoting CPL 195.10 (2) (b), the court stated that "[t]he legislature's own chosen words * * * plainly and explicitly preclude waiver by SCI after an indictment is filed" *(People v Boston, supra,* at 588).

Moreover, any argument that the use of the superior court information under the circumstances of this case was a proper alternative to a re-presentation of the matter to a second Grand Jury has also been laid to rest by the decision in *Boston.* While recognizing that the purpose of the statute was to afford a defendant the "opportunity for a speedier disposition of charges as well as eliminating unnecessary Grand Jury proceedings" *(People v Boston, supra,* at 589), the court went on to say that "[t]here is no indication that the Legislature also intended by the statute to authorize waiver of indictment by defendants after a Grand Jury has acted, when those same motivations are no longer present" *(People v Boston, supra,* at 589).

In addition, the procedure utilized by the trial court herein cannot be rationalized on the basis that the indictment herein was invalid. On the contrary, the mere fact that the sexual abuse count was defective did not render the entire indictment defective *(see,* CPL 210.20 [1] [a]). Thus, at the time of

the trial herein, the indictment was still valid, at least with respect to the top count of sodomy in the first degree.

The People's further contention that the trial court should have allowed the amendment of the indictment is immaterial at this point since the issue is not properly before us on the defendant's appeal in this case (see, CPL 470.15 [1]; *People v Goodfriend*, 64 NY2d 695).

Accordingly, "[g]iven the objective and the plain language of CPL 195.10 (2) (b), the conclusion is inescapable that waiver cannot be accomplished after indictment, as was the case here, even where it is the defendant who orchestrates the scenario" *(People v Boston, supra,* at 589; *see also, People v Banville,* 134 AD2d 116; *cf., People v Mills,* 154 AD2d 405). Since the proceedings herein were jurisdictionally defective, the judgment of conviction is reversed with leave granted to the People to re-present the case to another Grand Jury *(see, People v Lee,* 100 AD2d 357).

Although we are reversing the judgment for the reasons set forth above, we would note in passing that upon viewing the evidence adduced at the trial herein in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the defendant's convictions beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The facts have been considered and are determined to have been established. Brown, J. P., Kooper and Balletta, JJ., concur.

Lawrence, J., dissents and votes to affirm the judgment, with the following memorandum: Initially, I note that upon ascertaining the scrivener's error in the indictment with regard to the sexual abuse count, the trial court should have granted the prosecution's request, pursuant to CPL 200.70, to amend the indictment *(see, People v Grega,* 72 NY2d 489, 499; *People v Charles,* 61 NY2d 321; *People v Petterson,* 103 AD2d 811; *People v Ceballos,* 98 AD2d 475; *People v Heaton,* 59 AD2d 704; *cf., People v Kaminski,* 58 NY2d 886). It is clear that the amendment, as proposed by the prosecutor, would not have changed the theory of the prosecution as reflected in the evidence before the Grand Jury. Moreover, the defense indicated that it would not be prejudiced by such an amendment and that it was fully prepared to immediately proceed to trial on the indictment, if it were amended as proposed by the

prosecutor. Indeed, the superior court information, which incorporated verbatim the sodomy count, and conformed in all respects to the evidence before the Grand Jury with regard to the sexual abuse count, achieved nothing more than what the People had sought by amendment.

In any event, under the circumstances, I do not find that a reversal of the defendant's conviction and a re-presentation of this matter to a second Grand Jury is required. While the sodomy count of the indictment was not defective, nevertheless, in light of the trial court's ruling, if the defendant had not consented to proceed on the superior court information, the prosecutor would have been required to re-present both counts to a second Grand Jury. Thus, the use of the superior court information clearly fulfilled the aim of CPL 195.10 (2) (b), which provides for a waiver of the indictment, in that it afforded "[the] defendant the opportunity for a speedier disposition of charges as well as eliminat[ed] [an] unnecessary [second] Grand Jury [presentation]" *(see, People v Boston,* 75 NY2d 585, 589).

*People v Boston (supra), People v D'Amico* (150 AD2d 276), and *People v Banville* (134 AD2d 116), involved the use of superior court informations, alleging other offenses, to effectuate plea bargains after *valid* indictments had been filed. Further, in *People v Boston (supra)* and *People v Banville (supra),* the remedy was not a re-presentation to a second Grand Jury but reinstatement of the *valid* indictment. In this case, the defendant was tried on the very same charges for which he had been indicted, and if *People v Boston (supra)* and *People v Banville (supra),* were applicable, they would require a retrial of a virtually error-free bench trial on the very same charges. Indeed, a re-presentation of this matter to a second Grand Jury at this juncture merely exalts form over substance.

Since the defendant's remaining contentions concerning the legal and factual sufficiency of the evidence are without merit, the judgment should be affirmed.