Kaye, J.
(dissenting). Only a few months ago this court unequivocally declared that "[a]fter indictment, a defendant’s waiver of indictment and plea to a count interposed by Supe-
*881 rior Court Information (SCI), rather than Grand Jury action, contravenes the unequivocal direction of CPL 195.10 and therefore must be nullified.” (People v Boston, 75 NY2d 585, 586-587.) That conclusion rested on both the plain language of CPL 195.10 (2) (b) permitting waiver of indictment in a superior court only "prior to the filing of an indictment by the grand jury” (emphasis added) and on the plain legislative purposes of affording defendants the opportunity for speedier disposition of charges and eliminating unnecessary Grand Jury proceedings. As the court wrote: "There is no indication that the Legislature also intended by the statute to authorize waiver of indictment by defendants after a Grand Jury has acted, when those same motivations are no longer present.” (Id., at 589.)
Noting that the 1974 amendment to article I, § 6 of the State Constitution provides the single exception to the constitutional requirement of prosecution by indictment (75 NY2d, at 588; People v Calbud, Inc., 49 NY2d 389, 395, n 3; People v Iannone, 45 NY2d 589, 593, n 4), we rejected the People’s contention that the Legislature intended by the waiver procedure to permit greater flexibility in the plea process generally, inviting revision of the statute if that was indeed the legislative purpose (People v Boston, 75 NY2d, at 589, supra).
Now we are again asked the same question but, remarkably, give the opposite answer, this time upholding defendant’s plea to an SCI after indictment, and sanctioning the facile circumvention of what we have just identified as the plain language and purpose of CPL 195.10 (2) (b).
There is no dispute as to the facts here. As the People recite, defendant was indicted on April 20, 1983 for shooting Richard SanSouci to death with a loaded pistol and attempting to shoot William Toth in the head. On April 27, 1984, while defendant was still being held on charges of murder, attempted murder, assault and criminal possession of a weapon, the following took place: pursuant to the bargain struck by the parties after extensive plea negotiations, the People filed a felony complaint with one new charge — criminal use of the firearm used in the crime; defendant waived indictment; the People filed an SCI; defendant pleaded guilty to both the indictment and the SCI; and the court promised defendant a sentence of concurrent terms of imprisonment. These events all took place on the same day.
In distinguishing Boston and justifying the result it now *882 reaches, the court attributes critical importance to the filing of the felony complaint, several times noting that defendant here was being held for Grand Jury action with respect to the new charge, and that an order was issued holding him for action of a Grand Jury. No such order was issued. It is plain from a recitation of the facts, and undisputed by the parties, that this felony complaint was filed merely to facilitate the plea bargain, not to hold this defendant or submit the charge in the felony complaint to a Grand Jury. Significantly, the People make no pretense that it was.
Our abrupt aboutface cannot engender respect for this court’s holdings. But additionally, by virtue of today’s holding, the waiver process — intended, as we said in Boston, to be only a limited exception to the constitutional right of indictment by Grand Jury — now becomes the rule even in cases where the Grand Jury has already spoken. By the simple expedient of filing a felony complaint, prosecutors can obtain a waiver in any case where the Grand Jury has acted, and thereby secure a plea agreement they could not have had if the defendant were limited to pleading to the indictment.
The practical solution that was devised by the parties here may well be a very desirable one — that is not the issue. The point is that any solution should be effected within the letter and spirit of the law. Moreover, there is a proper course at hand — amendment of CPL 195.10 (2) (b) simply to delete the words "at any time prior to the filing of an indictment by the grand jury” — if that is genuinely what the Legislature intends.
Indeed, despite the court’s holding, the apparent extensive use currently being made of SCI’s to effectuate plea bargains suggests that legislative reexamination of CPL 195.10 (2) (b) would not be inappropriate; that statute was enacted 16 years ago, under quite different circumstances. Legislative reexamination certainly would be preferable to case-by-case review— with the possibility of further inconsistent results — of various efforts by the parties to maneuver around the statute as it is presently worded.
Chief Judge Wachtler and Judges Simons, Titone and Bellacosa concur; Judge Kaye dissents and votes to reverse in an opinion in which Judges Alexander and Hancock, Jr., concur.
Order affirmed in a memorandum.