■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL LOPEZ, Appellant. [780 NYS2d 350]—

Judgment, Supreme Court, Bronx County (Martin Marcus, J., at plea; John Collins, J., at sentence), rendered January 22, 2003, convicting defendant, after a plea of guilty, of criminal sale of a controlled substance in or near school grounds and sentencing him to 4½ to 9 years, unanimously affirmed.

Under the circumstances presented, where a defective indictment was dismissed with the understanding that the People would be granted leave to re-present evidence to a new grand jury if no plea agreement were reached, there was nothing unlawful in defendant's waiver of indictment and plea of guilty to a superior court information.

On February 9, 2001, defendant was prepared to enter a guilty plea to the charge of criminal possession of a controlled substance in or near school grounds, in full satisfaction of a two-count indictment, in exchange for a sentence of 4½ to 9 years and a promise that if defendant successfully completed an 18-month drug program, he would be allowed to withdraw his plea and plead to a misdemeanor, and would be sentenced to time served. However, the allocution was halted after the court examined the indictment and discovered that, although defendant's name was listed on the cover of the indictment, the two counts in the indictment named only the codefendant. The case was adjourned so that the matter could be investigated.

At the next court appearance, after discussion off the record, the defense moved to dismiss the indictment and the People asked that the court accept in its stead a superior court information (SCI), which set forth the charges of the underlying felony complaint. The court dismissed the indictment, and defense counsel advised that defendant had authorized him to enter a plea of guilty to criminal sale of a controlled substance in or near school grounds in full satisfaction of the SCI. Defen-

dant signed the SCI and a waiver of indictment, and the court conducted a complete and proper plea allocution.

Defendant relies upon the rule that a defendant cannot waive indictment with respect to charges contained in a felony complaint if a grand jury has already acted on the felony complaint by voting on the indictment (*see People v Boston*, 75 NY2d 585, 589 [1990]; *People v Young*, 241 AD2d 690, 691 [1997]), rendering his waiver of indictment invalid.

A defendant may waive indictment and consent to being prosecuted on an information filed by the District Attorney only while being held for the action of the grand jury (NY Const, art I, § 6; *see Boston*, 75 NY2d at 587). CPL 195.10 authorizes waiver of indictment and consent to prosecution by SCI "prior to the filing of an indictment." (CPL 195.10 [2] [b].)

In *Boston* (*supra*), the defendant was indicted for attempted murder in the second degree under an intentional murder theory, as well as for various lesser charges, arising out of an incident in which the defendant beat the victim with a hammer. After arraignment on the indictment, the People filed an SCI charging him with attempted murder in the second degree on a depraved indifference theory for the same incident, defendant waived his right to have the People present this charge and consented to be prosecuted under the SCI, consolidated with the indictment. This procedure, the Court of Appeals explained, violated CPL 195.10 (2) (b), which only permits a defendant to waive indictment and consent to be prosecuted under an SCI *"prior to the filing of an indictment." (Id.* at 588.)

Similarly, in *People v Casdia* (78 NY2d 1024 [1991], *affg* 163 AD2d 604 [1990]), the defendant was charged with sodomy in the first degree and sexual abuse in the first degree; however, because the factual description in support of the sexual abuse charge was inaccurate, the People were permitted, on the defendant's consent, to file an SCI correcting the error; once it was filed, the indictment was dismissed. The Court affirmed the reversal of the conviction and dismissal of the charges with leave to re-present, remarking that "[t]he defendant was already subject to an extant, at least partially valid, indictment and no formal preindictment status existed" (*id.* at 1026).

Notably, in both *Boston* and *Casdia*, there was a pending indictment at the time the waiver of indictment was undertaken. A defendant may not waive indictment while he is already under indictment, unless the charge for which indictment is being waived is in an accusatory instrument separate from that upon which he was already indicted (*see People v D'Amico*, 76 NY2d 877 [1990]). But here, unlike *Boston* and *Casdia*, there

was no extant valid indictment at the time the People were permitted to file an SCI upon which to prosecute defendant. The irregularity noticed by the court, which prevented the court from determining whether or not the grand jury had indicted defendant on the charges, constituted a defect under CPL 210.20 (1) (a), necessitating dismissal of the indictment under CPL 210.20 (4).

Importantly, in *Casdia*, when the Appellate Division rejected the argument that the indictment was invalid due to its defect, it explained that "the mere fact that the sexual abuse count was defective did not render the entire indictment defective (*see* CPL 210.20 [1] [a])" (163 AD2d at 606). Here, in contrast, the entire indictment *was* defective.

The Criminal Procedure Law provides for circumstances where an indictment is defective, necessitating its dismissal and re-presentment of evidence to a grand jury (*see* CPL 210.20 [1] [a]; [4]). In such circumstances, although a grand jury may be said to have already "acted on" the felony complaint or "voted on" the indictment, the necessary dismissal of the indictment as defective in effect puts the prosecution back to where it was prior to the indictment, on what has been termed a " 'formal preindictment procedural track' " (*see People v Bonnet*, 288 AD2d 161, 161 [2001], *lv denied* 97 NY2d 751 [2002], quoting *Casdia*, 78 NY2d at 1026), since what remains is a pending felony complaint upon which the defendant is "being held for Grand Jury action" (*see People v D'Amico*, 76 NY2d at 879).

Defendant also points out that the prosecution did not specifically ask for, and the court did not specifically grant, leave to re-present at the time it dismissed the indictment, and contends that in the absence of the specified grant of such leave, defendant had not been "placed back on a formal pre-indictment procedural track" (*compare Bonnet*, 288 AD2d at 161 [the court's dismissal of the indictment *with* leave to re-present the charges "placed defendant back on a 'formal preindictment procedural track' "]).

However, under these circumstances, there was no need for the court to immediately formally recite the words "with leave to re-present" when dismissing the indictment. Notably, where the basis for the dismissal is a defect in the indictment, CPL 210.20 (4) authorizes either dismissal with leave to resubmit, or a final dismissal barring any further prosecution of the charges. It was unquestionably the understanding of the court and both attorneys that this particular dismissal would be with leave to re-present. Indeed, the record reflects that this was the court's understanding, which was conveyed to defendant: "[THE COURT]:

You understand, Mr. Lopez, that because this indictment that I dismissed did not charge you with any crime, this matter would have to be re-presented . . . to another grand jury . . . ."

It was simply unnecessary for the court to recite the words that leave to re-present was being granted when it dismissed, since it was already agreed that the People would not re-present, but would file an SCI based upon the charges of the underlying felony complaint, to which defendant would then plead guilty on the terms previously agreed to. In other words, the procedural posture of this matter was that there was a remaining, extant felony complaint, upon which the People would re-present to a new grand jury, unless a plea to an SCI was taken instead.

As to defendant's implication that his waiver was invalid in the absence of a new felony complaint after the indictment was dismissed, it is without merit. Certainly, "the existence of a pending felony complaint for which the defendant is 'being held for Grand Jury action' is a prerequisite to a valid waiver" (*People v Young*, 241 AD2d 690, 692 [1997] [citation omitted], quoting *D'Amico*, 76 NY2d at 879). However, in this context, the dismissal of the indictment here did not eliminate the underlying felony complaint. Rather, the underlying accusatory instrument, the felony complaint, remained extant, to form the foundation of the charges to be re-presented, if necessary, to a new grand jury. Concur—Tom, J.P., Saxe, Williams, Friedman and Marlow, JJ.