OPINION OF THE COURT
Kaye, J.
After indictment, a defendant’s waiver of indictment and plea to a count interposed by Superior Court Information (SCI), rather than Grand Jury action, contravenes the un *587 equivocal direction of CPL 195.10 and must therefore be nullified.
On March 7, 1986, a Bronx County Grand Jury indicted defendant, then 15 years old, for attempted murder in the second degree under an intentional murder theory (Penal Law § 125.25 [1]), two counts of assault in the first degree, and criminal possession of a weapon in the fourth degree. The indictment arose out of an incident in which defendant allegedly beat a 14 year old with a hammer, about the head, mouth and legs.
With the consent of defendant, his counsel, the People and the court, the following events ensued. After arraignment, the People filed an SCI charging defendant with attempted murder in the second degree under a depraved indifference theory (Penal Law § 125.25 [2]). Defendant then waived his right to have the People present the charge contained in the SCI, and expressed his desire to proceed with — and signed — the SCI. Next, on the People’s motion, the court consolidated the SCI with the indictment, making the depraved indifference count of the SCI count five of the indictment; defendant pleaded guilty to both attempted depraved indifference murder and first degree assault; and he was sentenced to two concurrent indeterminate terms of imprisonment.
Having served his sentence, defendant now seeks vacatur of the plea, arguing that waiver of indictment was impermissible under both the CPL and the State Constitution. A divided Appellate Division rejected defendant’s contention and affirmed the conviction, which we now reverse as a matter of statutory interpretation.
The State Constitution declares that no person shall be held to answer for an infamous crime unless upon indictment of the Grand Jury (NY Const, art I, § 6). The right to indictment by a Grand Jury has therefore been recognized as not merely a personal privilege of the defendant but a "public fundamental right,” which is the basis of jurisdiction to try and punish an individual (Matter of Simonson v Cahn, 27 NY2d 1; People v Miles, 289 NY 360; People ex rel. Battista v Christian, 249 NY 314). Infringement of that right constitutes a defect that cannot be waived by a guilty plea (People v Patterson, 39 NY2d 288, 295, affd 432 US 197).
At one time article I, § 6 permitted no exceptions; its unequivocal command precluded any waiver of indictment (People v Iannone, 45 NY2d 589, 593, n 4). But a constitutional *588 amendment, effective January 1, 1974, modified that requirement to permit a single exception. Now "a person held for the action of a Grand Jury upon a charge for [an infamous] offense, other than one punishable by death or life imprisonment, with the consent of the district attorney, may waive indictment by a grand jury and consent to be prosecuted on an information filed by the district attorney; such waiver shall be evidenced by written instrument signed by the defendant in open court in the presence of his counsel.” (NY Const, art I, §6.)
To facilitate implementation of that exception, the Legislature enacted CPL article 195 (Waiver of Indictment), the centerpiece of which is CPL 195.10, specifying when a prosecution may proceed pursuant to information filed by the District Attorney instead of indictment by the Grand Jury. A defendant, according to CPL 195.10, may waive indictment and consent to be prosecuted by SCI when a local criminal court has held the defendant for the action of a Grand Jury; the defendant is not charged with a class A felony; and the District Attorney consents to the waiver. A defendant may waive indictment pursuant to this section either in the local criminal court in which the order was issued holding the defendant for action of a Grand Jury, at the time such order is issued, or in the appropriate superior court at any time prior to the filing of an indictment by the Grand Jury. This last provision — CPL 195.10 (2) (b) — is the focus of defendant’s argument, and dispositive of his appeal.
Of critical significance here is the direction of CPL 195.10 (2) (b) that waiver of indictment be exercised "prior to the filing of an indictment by the grand jury. ” (Emphasis added.) The Legislature’s own chosen words — more restrictive than article I, § 6 of the State Constitution from which the statute derives — plainly and explicitly preclude waiver by SCI after an indictment is filed. As we have noted time and again, where statutory language is clear and unambiguous, this court in interpreting a statute will give effect to the words used by a coequal branch of government, unless "such application would cause an anachronistic or absurd result contrary to the contextual purpose of the enactment.” (Doctors Council v New York City Employees’ Retirement Sys., 71 NY2d 669, 675.)
No such consequence is evident here. Indeed, legislative history makes clear that the basic objective of article 195 was to permit waiver of indictment for defendants who wished "to go directly to trial without waiting for a grand jury to hand *589 up an indictment, to do so.” (Mem of State Executive Dept. 1974 McKinney’s Session Laws of NY, at 2006, 2007; Governor’s Mem, id., at 2095.) The statutory procedures were thus aimed at affording a defendant the opportunity for a speedier disposition of charges as well as eliminating unnecessary Grand Jury proceedings (id.; see also, People v Banville, 134 AD2d 116; People v Sledge, 90 AD2d 588, lv denied 58 NY2d 977; People v Herne, 110 Misc 2d 152, 155). There is no indication that the Legislature also intended by the statute to authorize waiver of indictment by defendants after a Grand Jury has acted, when those same motivations are no longer present.
Given the objective and the plain language of CPL 195.10 (2) (b), the conclusion is inescapable that waiver cannot be accomplished after indictment, as was the case here, even where it is the defendant who orchestrates the scenario.* The People urge that the Legislature had in mind the broader purpose of permitting greater flexibility in the plea process generally. That, however, was not made evident in the language or history of the statute; and, if indeed the purpose, it remains for the Legislature — not the courts — to rewrite the statute to express that objective.
In that the parties failed to follow the statutory mandate for a waiver of indictment, defendant’s attempted murder plea must be vacated. Moreover, because defendant’s assault plea was entered with the understanding that he would receive a lesser concurrent sentence, that conviction also must be set aside (see, People v Fuggazzatto, 62 NY2d 862; People v Rogers, 48 NY2d 167, 175; People v Clark, 45 NY2d 432, 440).
Accordingly, the order of the Appellate Division should be reversed, the plea of guilty and judgment vacated, and the case remitted to Supreme Court, Bronx County, for further proceedings on the indictment.
Chief Judge Wachtler and Judges Simons, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order reversed, etc.

 We reject the People’s contention that defendant’s argument must be preserved for review, by motion before the trial court to withdraw the plea. Failure to adhere to the statutory procedure for waiving indictment, which resulted in this accusatory instrument and this plea, may be considered jurisdictional, affecting "the organization of the court or the mode of proceedings prescribed by law.” (People v Patterson, 39 NY2d 288, 295; see also, People v Ahmed, 66 NY2d 307, 310; People v Case, 42 NY2d 98.)