OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
After an incident in which defendant shot and killed one person and assaulted and attempted to kill another, he was indicted for second degree murder, second degree attempted murder, second degree assault and criminal possession of a weapon in the second and third degrees. Thereafter, to facilitate an agreement reached after extensive plea negotiations, a felony complaint was filed charging defendant with first degree criminal use of a firearm in connection with the same incident. Defendant was held for Grand Jury action with respect to the new charge, but waived indictment and consented to be prosecuted by a superior court information (SCI) on that charge. He then pleaded guilty to the SCI charge and to first degree manslaughter in satisfaction of all counts in the indictment.[1]
*879 Though at the time, defendant actively and voluntarily sought to dispose of the charges in this manner, he now seeks vacatur of his plea to the SCI, arguing that his waiver of indictment was invalid and that the SCI was therefore jurisdictionally defective.
CPL 195.10 (1) provides that a defendant may waive indictment and consent to be prosecuted by an SCI when a local criminal court has held the defendant for Grand Jury action, which presupposes that a felony complaint has been filed, defendant has been arraigned on the complaint and, following a preliminary hearing (unless waived by defendant), the local criminal court has found reasonable cause to believe defendant committed a felony (see, CPL 180.10, 180.30, 180.70). The waiver of indictment requires the District Attorney’s consent and is not available where the defendant is charged with a class A felony (CPL 195.10 [1] [b], [c]). The waiver can occur in the local criminal court at the time the order is issued holding the defendant for Grand Jury action or it can occur in the appropriate superior court "at any time prior to the filing of an indictment by the grand jury” (CPL 195.10 [2] [b]).
Contrary to defendant’s contentions, his waiver of indictment satisfied these requirements. That defendant had been indicted for second degree murder, a class A felony, did not prohibit a waiver of indictment on the new charge contained in the felony complaint. The waiver procedure is triggered by the defendant being held for Grand Jury action on charges contained in a felony complaint (CPL 195.10 [1] [a]) and it is in reference to those charges that its availability must be measured. At the time of defendant D’Amico’s waiver, the outstanding second degree murder charge had already been acted upon by the Grand Jury and he was thus being held for Grand Jury action only on the charge of first degree criminal use of a firearm, a class B felony (Penal Law § 265.09) for which the waiver procedure is available.[2]
Nor does the fact that he had already been indicted on related charges vitiate the waiver (compare, People v Boston, 75 NY2d 585). In Boston, defendant purported to waive indictment to attempted depraved indifference murder after he had *880 been indicted for intentional murder and related offenses and without any felony complaint having been filed with respect to the new charge. We held that the waiver was ineffective because CPL 195.10 (2) (b) requires a waiver to be made before the filing of an indictment by the Grand Jury. In those circumstances, where defendant was no longer being held for Grand Jury action, we noted that a waiver would not serve the purposes of the statute — "affording a defendant the opportunity for a speedier disposition of charges as well as eliminating unnecessary Grand Jury proceedings” (People v Boston, supra, at 589).
We did not decide the question presented here, whether after indictment the waiver procedure is available when the defendant is held for Grand Jury action on a new felony complaint. We now conclude that it is. In this situation, in contrast to Boston, there exists the explicit statutory predicate for a waiver — an order holding defendant for Grand Jury action — and the waiver, by eliminating the need for a superseding indictment, serves both of the statutory purposes we identified in Boston.
The filing of the felony complaint and the court order holding defendant for Grand Jury action are not, as the dissent implies, insignificant events. The filing of a felony complaint commences the criminal action (CPL 1.20 [16], [17]) and an order holding the defendant for Grand Jury action requires a judicial determination that probable cause exists to believe that the defendant committed a felony. They are explicit statutory prerequisites for the waiver of indictment procedure which were lacking in Boston but are present here.
It should also be emphasized that the plea in this case was in no way improper. The plea-bargaining restrictions of CPL 220.10 were not violated by defendant’s plea to first degree manslaughter in satisfaction of the indictment. Defendant’s plea to the SCI simply made possible a longer minimum sentence than that available for the manslaughter charge. The same result could have been accomplished, but at additional time and expense, through a superseding indictment. Article 195, which was designed to avoid such unnecessary Grand Jury proceedings, should not be construed so as to require them.

. We note that the case was argued at the Appellate Division on the assumption that the second degree weapons possession charge was dismissed from the indictment and replaced by the charge contained in the SCI and that no felony complaint was filed prior to defendant’s waiver of indictment. The record before us, however, includes the felony complaint on which the SCI was based and the plea minutes, which reflect that defendant’s plea to the manslaughter charge was in satisfaction of all the indicted charges, including the second degree weapons possession charge.

. It remains an open question whether the class A felony restriction of CPL 195.10 (1) (b) would prohibit a waiver to lesser charges when the defendant is held for Grand Jury action for a class A felony, as the Third Department has held (see, People v Sledge, 90 AD2d 588), or whether, instead, it prohibits only a waiver of indictment with respect to the class A felony.