■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MAYS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered January 22, 1988, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Pursuant to the indictment, the defendant was charged with committing the crimes of criminal possession of a controlled substance in the second degree, criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree.

Thereafter, the defendant entered a plea of guilty to criminal possession of a controlled substance in the third degree, a class B felony, to satisfy the indictment. Under the terms of the negotiated plea agreement, the defendant was promised that if he appeared for sentencing, he could withdraw his plea and waive the indictment, the indictment would be dismissed, a Superior Court Information would be filed, and he would be able to plead to a class E felony and receive a sentence of one and one-half to three years imprisonment. On the other hand, if he failed to appear for sentencing, the court stated that it would impose a sentence of up to 25 years on the defendant's plea to criminal possession of a controlled substance in the third degree, as charged in the indictment. As the defendant did not appear for sentencing, the waiver of indictment was never executed, and he was sentenced, upon his plea, to four and one-half to nine years imprisonment.

It is true that the procedure contemplated by the plea agreement violated CPL 195.10 (2) (b), in that a waiver of indictment is not permitted once the indictment has been filed, and also amounted to an unauthorized reduction in charges under CPL 220.10 (5) (a) (ii) *(see, People v Boston,* 75 NY2d 585; *People v Banville,* 134 AD2d 116). However, the record indicates that the illegal plea agreement was never fulfilled, and indeed, was nullified, due to the defendant's failure to appear at sentencing. The court clearly advised the defendant during the plea proceeding that if he did not appear for sentencing, he would be sentenced on his plea to criminal possession of a controlled substance in the third degree, as charged in the indictment, to a term of up to 25 years imprisonment. Under these circumstances, the judgment of conviction should be affirmed *(see, People v Asencio,* 143 AD2d 917, 918; *People v Warren,* 121 AD2d 418). Mangano, P. J., Kunzeman, Kooper, Sullivan and Ritter, JJ., concur.