OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, essentially for the reasons stated in the majority memorandum of that court (163 AD2d 604), insofar as it addresses the unavailability of the superior court information procedure (CPL 195.10) to this defendant under the circumstances of this case.
*1026 We agree with the Appellate Division that People v Boston (75 NY2d 585) is apposite and controlling, and note further that People v D’Amico (76 NY2d 877 [decided after the Appellate Division’s decision in this case]) is factually and legally inapposite and distinguishable. In D’Amico, the defendant was formally held for Grand Jury action on a new felony complaint which charged him with a different crime from those previously charged. He was therefore placed in a formal preindictment procedural track, which is CPL 195.10’s precise qualifying prerequisite.
Here, as in Boston, we are faced with a significantly different situation. The defendant was already subject to an extant, at least partially valid, indictment and no formal preindictment status existed. The Trial Justice’s discussion with the parties concerning the possibility of Grand Jury re-presentment of the extant indictment does not constitute the functional equivalent of the legally recognized procedural circumstance in D’Amico. The argument that it does fails as a tautology and because it would effectively overrule the strict interpretation rule applied and demanded by Boston with respect to the use of superior court informations (CPL 195.10).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.