■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS D. YOUNG, ALEEK H. and JUAN J. McKNIGHT, Appellants. [660 NYS2d 165] —Yesawich Jr., J. Appeals (1) from a judgment of the County Court of Greene County (Lalor, J.), rendered December 13, 1994, convicting defendants Marcus D. Young and Juan J. McKnight upon their pleas of guilty of the crime of criminal possession of a controlled substance in the third degree, and (2) from a judgment of said court, rendered December 13, 1994, which sentenced defendant Aleek H. upon his adjudication as a youthful offender.

On November 10, 1992 at approximately 10:00 A.M., State Police Investigator Robert Hayes was traveling south on Interstate Route 87, on his way to investigate a burglary, when he noticed that defendants continued to look straight ahead as he passed their vehicle. Although Hayes was dressed in a business suit and driving an unmarked car, he claims that the fact that a number of cars had been stolen in the Albany area, coupled with defendants' failure to look at him or his vehicle, made him suspicious that their car might be stolen. When defendants' vehicle thereafter made two lane changes without signaling, Hayes, using his portable light and a siren, pulled it over and called for assistance from an officer assigned to road patrol in the area. After asking the driver, defendant Juan J. McKnight—who identified himself as "James M. Gross"—for his driver's license and being told that he had been issued a learner's permit but was not carrying it, Hayes asked to see the vehicle's insurance documentation and requested identification from the other defendants. The front-seat passenger, defendant Aleek H., produced a valid driver's license and defendant Marcus D. Young, who was riding in the back seat, indicated that he had none. Aleek also gave Hayes the insurance card, which had been issued to "Thomasina Gross".

Hayes then returned to his vehicle to run a "file check" to determine, *inter alia*, the status of defendants' driving privileges and whether they were the subject of any outstanding warrants. Shortly thereafter, Trooper Richard Hussey arrived and, while the two were sitting in Hayes' vehicle, they saw Aleek "slide down slightly in his seat". Hayes then immediately went to the passenger door of defendants' car, opened it and ordered Aleek out of the vehicle. Hussey followed with his weapon drawn. As Aleek complied and attempted to keep his pants, which were unbuttoned, from falling down, Hayes repeatedly yelled, "What's in your pants?" He then ordered Aleek to turn around and put his hands against the vehicle, and patted him down. No weapons were found. When Hayes

then pulled Aleek away from the car, a brown paper bag—later found to contain cocaine—fell from his pant leg.

Defendants were arrested and subsequently charged, in a single indictment, with one count of criminal possession of a controlled substance in the first degree, a class A-I felony. A suppression hearing was held, after which County Court denied defendants' motions to suppress the physical evidence. A plea agreement was reached and, in September 1994, each of the defendants waived his right to be prosecuted by indictment and pleaded guilty to a lesser charge set forth in a superior court information. Prior to sentencing, however, the court informed defense counsel of several possible jurisdictional infirmities in the procedure that had been followed and suggested that further action might be necessary.

As a consequence, Young and McKnight were subsequently charged, in a new felony complaint dated October 12, 1994, with criminal possession of a controlled substance in the third degree, a class B felony, and an order was issued holding them for action by the Grand Jury. Each then waived indictment with respect to the charge set forth in the new felony complaint, agreed to proceed by superior court information, withdrew his earlier plea, pleaded guilty as charged in the new complaint and information (reserving his right to appeal), and was sentenced, as agreed, to 1 to 3 years' incarceration.

Aleek was also permitted to withdraw his original plea to criminal possession of a controlled substance in the second degree, a class A-II felony, and enter a new plea to the lesser charge of criminal possession of a controlled substance in the third degree. There is, however, no indication in the record that Aleek, like McKnight and Young, was ever charged in a second felony complaint. Aleek's last plea allocution reveals that he again pleaded to the original superior court information (No. 94-084-L), which had simply been "amended" to reflect the lesser charge of a B felony.

It is settled that a defendant cannot waive indictment with respect to the charges contained in a felony complaint after the Grand Jury has already acted on that complaint, and that a plea of guilty to some or all of those charges, as set forth in a superior court information filed as a result of such a purported waiver, must be vacated (see, People v Boston, 75 NY2d 585, 589; People v Davis, 171 AD2d 957). While a prior indictment, even if based on the same or related conduct, does not preclude a defendant from waiving his or her rights with respect to charges contained in another felony complaint, on which the Grand Jury has not yet acted (see, People v D'Amico, 76 NY2d

877, 879), the existence of a pending felony complaint for which the defendant is "being held for Grand Jury action" (*id.*, at 879) is a prerequisite to a valid waiver. In addition, no waiver may be effected when the defendant is being held on a complaint that charges a class A felony (*see, People v Trueluck*, 88 NY2d 546, 551).

Consequently, all of defendants' initial waivers, and the pleas dependent upon them, were invalid since the only complaint that had been filed at that time charged each with a class A felony; moreover, the Grand Jury had already acted on that complaint. As to McKnight and Young, the procedure utilized to obtain their later pleas cured these defects. There is, however, no evidence that Aleek was ever charged in a second felony complaint; hence, his guilty plea—which was identified at the second plea allocution as being in reference to the superior court information which was the product of his first, ineffectual waiver—must be vacated (*see, People v Boston*, *supra*, at 589; *cf., People v Casdia*, 78 NY2d 1024, 1026).

McKnight's and Young's guilty pleas being effective, the remaining issue to be confronted is whether their suppression motions should have been granted. We are of the view that the evidence adduced at the suppression hearing demonstrates that the traffic infractions merely furnished a pretext for a stop that was, in actuality, motivated by Hayes' desire to validate his suspicion that defendants (three African-American males) must have been engaged in some kind of criminal activity. Accordingly, the stop was improper and the evidence obtained as a result should have been suppressed (*see, People v David*, 223 AD2d 551, 553; *People v Smith*, 181 AD2d 802, 803; *People v Mikel*, 152 AD2d 603, 605).

Significantly, Hayes, an investigator and not on traffic duty, admitted that investigators did not ordinarily become involved in this type of enforcement and was not even carrying the forms necessary to issue a traffic ticket. He candidly stated that he had become suspicious that defendants' vehicle was stolen, and had watched it for several miles before deciding to postpone the investigatory duties he had originally set out upon, stop defendants and wait for a Trooper to bring him a traffic summons.

That he was primarily concerned about the possibility that the car was stolen, rather than the traffic infractions, is further borne out by his conduct after making the stop, including his comments to Hussey (*see, People v David*, *supra*, at 553). Notably, Hayes admitted that even after a file check uncovered no apparent discrepancies in defendants' answers to his initial

inquiries and a check on the vehicle's license plate number disclosed that the car had not been reported stolen—which, he asserted, did not allay his concerns in this regard—he nevertheless intended to continue his investigation and seek further information from the car's occupants, based solely on his "hunch" that something improper was afoot.

While fully appreciative of the deference that must be accorded County Court's factual findings, particularly those based on assessments of witness credibility, we are nevertheless of the opinion that, on this record, Hayes' representation that he stopped defendants' car solely, or primarily, because of their illegal lane changes must be rejected as incredible (*cf., People v Melendez*, 195 AD2d 856, 857).

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the judgments are reversed, on the law and the facts, defendants' guilty pleas are vacated and the superior court informations are dismissed.