■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO BONNET, Also Known as CHRIS SAVINO, Also Known as JESUS ESPADA, Appellant. [733 NYS2d 186] —Judgment, Supreme Court, New York County (Brenda Soloff, J.), rendered July 15, 1998, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

Defendant's conviction was not jurisdictionally defective (compare, People v D'Amico, 76 NY2d 877, with People v Boston, 75 NY2d 585). Defendant's waiver of indictment and prosecution by superior court information were valid, even though defendant had already been indicted, because the court had dismissed the indictment in its entirety while granting the People leave to re-present the charges (see, CPL 210.45 [9]). This placed defendant back on a "formal preindictment procedural track" (People v Casdia, 78 NY2d 1024, 1026) prior to the use of the superior court information procedure (CPL 195.10; People v Noe, 170 AD2d 1029, lv denied 77 NY2d 909). Moreover, the People also filed a new felony complaint containing the new charge of attempted fifth-degree possession.

Summary denial of defendant's motion to suppress physical evidence was proper since the factual allegations set forth in

defendant's motion papers were insufficient to raise a factual issue warranting a hearing (*see, People v Mendoza*, 82 NY2d 415). Defendant's denial of unlawful activity "at any time prior to his arrest" failed to address the People's specific contention that defendant had sold drugs to an undercover officer, and defendant did not assert any other basis for suppression (*see, People v Jones*, 95 NY2d 721; *compare, People v Hightower*, 85 NY2d 988, 990). Concur—Rosenberger, J. P., Williams, Wallach, Lerner and Saxe, JJ.