■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN CARGILL, Appellant. [790 NYS2d 397]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated June 26, 1995 (*People v Cargill,* 216 AD2d 575 [1995]), affirming a judgment of the Supreme Court, Kings County, rendered May 4, 1993.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes,* 463 US 745 [1983]; *People v Stultz,* 2 NY3d 277 [2004]). Prudenti, P.J., Florio, H. Miller and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL COLON, Appellant. [792 NYS2d 100]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Parker, J.), rendered October 1, 2002, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the plea of guilty is vacated, Superior Court information No. 7836/00 is dismissed, the felony complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the felony complaint.

The defendant was charged, by felony complaint, with criminal sale of a controlled substance in the fourth degree (*see* Penal Law § 220.34), criminal possession of a controlled substance in the fifth degree (*see* Penal Law § 220.06), and criminal possession of a controlled substance in the seventh degree (*see* Penal Law § 220.03). The defendant executed a written waiver of indictment and consented to be prosecuted on an information charging him with criminal sale of a controlled substance in the third degree (*see* Penal Law § 220.39 [1]). The defendant pleaded guilty to that charge, and a judgment of conviction was entered against him.

As the People correctly concede, the information on which the defendant was prosecuted was jurisdictionally defective because it charged the defendant with an offense which was greater than the offenses charged in the felony complaint (*see* CPL 195.20; *People v Zanghi,* 79 NY2d 815, 817 [1991]; *People v Menchetti,* 76 NY2d 473, 475 [1990]). Accordingly, the conviction must be reversed. Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.