[831 NE2d 413, 798 NYS2d 356]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL LOPEZ, Appellant.

Argued May 5, 2005; decided June 16, 2005

## POINTS OF COUNSEL

*Office of the Appellate Defender,* New York City (*Melissa Rothstein, Richard M. Greenberg* and *Rosemary Herbert* of counsel), for appellant. I. Raul Lopez's waiver of indictment and guilty plea on a superior court information were unlawful where there was no pending grand jury action and the court had dismissed the indictment lodged against Mr. Lopez on the same felony complaint. (*People v Boston,* 75 NY2d 585; *People v Iannone,* 45 NY2d 589; *People v Verrone,* 266 AD2d 16; *People v Libby,* 246 AD2d 669; *People v Casdia,* 163 AD2d 604, 78 NY2d 1024; *People v Trueluck,* 88 NY2d 546; *People v Young,* 241 AD2d 690; *People v Davis,* 171 AD2d 957; *People v Robbins,* 283 AD2d 152; *People v D'Amico,* 76 NY2d 877.) II. Raul Lopez was denied effective assistance of counsel when his lawyer advised him to waive indictment and plead guilty on a superior court information after the grand jury had considered the charges against Mr. Lopez but did not vote a true bill against him. (*Strickland v Washington,* 466 US 668; *People v Benevento,* 91 NY2d 708; *People v Garcia,* 75 NY2d 973; *People v Rivera,* 71 NY2d 705; *People v Jenkins,* 68 NY2d 896.)

*Robert T. Johnson, District Attorney,* Bronx (*T. Charles Won, Joseph N. Ferdenzi* and *Peter D. Coddington* of counsel), for respondent. I. Defendant properly waived indictment and pleaded guilty to a charge contained in a superior court information after the court dismissed the indictment with the understanding that the case would be resubmitted to another grand jury if defendant did not plead guilty. (*People v Comfort,* 278 AD2d 872; *People v Ianniello,* 21 NY2d 418; *Matter of Hall v Bongiorno,* 305 AD2d 508; *People v Casdia,* 78 NY2d 1024; *People v Boston,* 75 NY2d 585; *People v Aarons,* 2 NY3d 547; *People v Noe,* 170 AD2d 1029; *People v D'Amico,* 76 NY2d 877; *People v Bonnet,* 288 AD2d 161; *People v Brown,* 90 NY2d 872.) II. This Court should not review defendant's ineffective assistance of counsel claim, since defendant waived his right to appeal as part of his negotiated plea agreement. (*People v Hansen,* 95 NY2d 227; *People v Keizer,* 100 NY2d 114; *People v Eaton,* 14 AD3d 577; *People v Watkins,* 304 AD2d 987, 100 NY2d 588; *People v Verrone,* 266 AD2d 16; *People v Ford,* 86 NY2d 397; *People v Benevento,* 91 NY2d 708; *People v Baldi,* 54 NY2d 137; *People v Damiano,* 87 NY2d 477.)

ROSENBLATT, J.

Defendant challenges his waiver of indictment and guilty plea to a superior court information (SCI). He claims, in essence, that his waiver was illegal solely because he entered it after the court had dismissed a defective indictment against him covering the same charges without granting the People leave to re-present. We disagree.

Police arrested defendant and Evelyn Ramírez for selling heroin to an undercover officer. In a felony complaint, the pair was charged with criminal sale of a controlled substance in or near school grounds and criminal sale of a controlled substance in the third degree in violation of Penal Law § 220.44 (2) and § 220.39 (1). After indictment, defendant and the prosecution negotiated a disposition. Defendant was to plead guilty as a second felony offender to the school grounds count (which would carry the minimum sentence of 4½ to 9 years imprisonment) but could withdraw his plea in favor of a misdemeanor and time served if he successfully completed an 18-month residential drug treatment program.

The allocution went as planned until the court realized that while defendant's name was in the caption, he was not named in the body of the indictment. Although the grand jury voted a true bill against defendant, only Ramírez was named in the two counts, which alleged that she acted "in concert with another." The court adjourned the case, recognizing defendant's continued interest in the disposition, possibly by way of SCI.

One week later, the parties appeared before the court. Both sides agreed that the court would dismiss the indictment and, upon identical terms, defendant would plead guilty to an SCI.

In the ensuing colloquy, defendant expressly waived his right to be prosecuted by indictment. The court instructed defendant that "because this indictment that I dismissed did not charge you with any crime, *this matter would have to be presented, re-presented to another grand jury*, and the grand jury would have to decide, after hearing evidence over again, that there was a legal basis to charge you, there was legally sufficient evidence and reasonable cause to believe that these crimes had been committed and you committed them" (emphasis supplied).

Defendant said he realized he was giving up his right to have a new grand jury consider the matter. Based on the same conditions as the earlier, aborted plea, he pleaded guilty to the school

grounds count of the SCI. The court cautioned defendant that his failure in the drug treatment program would result in 4½ to 9 years in prison.

Defendant did not complete the program. In sentencing him to the agreed term of imprisonment, the court noted that over the course of almost a year, it had given defendant three chances, but he missed appointments, refused to submit urine samples and eventually did not appear for treatment at a local detox center. Defendant appealed to the Appellate Division, arguing that his waiver was invalid. That Court affirmed. A Judge of this Court granted defendant leave to appeal, and we now affirm.

Defendant contends that his guilty plea to the SCI was an impermissible waiver of indictment where no grand jury action was pending. He concedes that had the trial court granted the People leave to re-present, prosecution by SCI would be permissible.

Criminal Procedure Law § 195.10 (2) (b) provides that with the consent of the prosecutor, a defendant may waive indictment and be prosecuted by SCI in "the appropriate superior court, at any time *prior* to the filing of an indictment by the grand jury" (emphasis supplied), except in class A felony cases. Defendant argues that his waiver was unlawful because he entered it after an indictment was filed rather than before. In advancing the argument, he relies primarily on *People v Boston* (75 NY2d 585 [1990]) and *People v Casdia* (78 NY2d 1024 [1991], *affg* 163 AD2d 604 [1990]).

In *Boston*, the defendant pleaded guilty to an SCI while an indictment—covering the same charges—was still pending. Even though the defendant "orchestrate[d] the scenario," we vacated the plea and nullified the waiver because it contravened CPL 195.10 (2) (b)'s command that the waiver be interposed before indictment (75 NY2d at 589). Similarly, in *Casdia*, when defendant pleaded guilty to the SCI, part of the indictment was defective but a portion of it was extant when defendant entered his waiver.

Here, no part of the indictment remained. Because the indictment was defective, dismissal was required (*see* CPL 210.20 [1] [a]), and the court dismissed it entirely, with leave to re-present. In these circumstances, we reject defendant's claim that prosecution by SCI was impermissible.

It was obvious to everyone—confirmed by the court after it saw the grand jury's vote—that there was a clerical error by

which defendant's name was omitted and that the case would have to be re-presented to another grand jury.* As the Appellate Division correctly noted, the court obviously authorized re-presentation even though it did not formally order it, considering that both sides agreed to dispose of the case by SCI on the agreed terms. No magic words were required.

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge Kaye and Judges G.B. Smith, Ciparick, Graffeo, Read and R.S. Smith concur.

Order affirmed.

---

* The grand jury minutes themselves play no part in our decision.