[800 NYS2d 702]

The People of the State of New York, Respondent, v James Wiltshire, Appellant.

First Department, September 8, 2005

### APPEARANCES OF COUNSEL

*Abraham J. Mayers*, New York City, for appellant.

*Robert M. Morgenthau, District Attorney*, New York City (*Mary C. Farrington* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

On November 22, 2000, defendant was arrested and charged in a felony complaint with two counts of criminal contempt in the first degree and six counts of aggravated harassment in the second degree based on allegations that he violated an order of protection relating to his former girlfriend. At his arraignment, a new order of protection was issued. On November 29, 2000, he was arraigned on a new felony complaint, which, in addition to the original charges, charged him with two counts of stalking in the fourth degree. On December 4, 2000, a grand jury voted indictment No. 8137/00 charging him with criminal contempt in the first degree (two counts), aggravated harassment in the second degree (two counts), stalking in the third degree and stalking in the fourth degree (three counts). Upon defendant's motion to dismiss, on January 11, 2001, the People conceded that they had violated defendant's right to appear before the grand jury and indicated that they would re-present the case on January 25, 2001.

The case was never re-presented, apparently because the parties came to an agreement regarding a plea prior to the date the matter was scheduled to go before the grand jury. On February 21, 2001, defendant pleaded guilty to one count of aggravated harassment in the second degree, a class A misdemeanor, "to

cover and satisfy all matters that were incorporated in 8137 of 2000," as well as to other charges lodged against him. The court sentenced defendant to a conditional discharge, including community service and psychological counseling, and issued a final order of protection.

On March 14, 2002, defendant moved pursuant to CPL article 440 to vacate his conviction on the ground, inter alia, that Supreme Court did not have jurisdiction over the case at the time the judgment was entered. The court denied defendant's motion, finding that, although the indictment had been dismissed prior to entry of the plea, pursuant to the felony complaint, Supreme Court retained jurisdiction. Moreover, defendant could plead guilty to "a misdemeanor that had a basis in the felony complaint" and Supreme Court had jurisdiction to accept such a misdemeanor plea.

Because we find that Supreme Court did not have authority to accept a plea to a charge brought by a felony complaint, we reverse.

Initially, although defendant did not raise any of his present contentions at the time of his plea or sentence, his claims regarding Supreme Court's lack of jurisdiction over the case as a whole, and, specifically, to accept his plea to a felony complaint, did not have to be preserved for appellate review (*see People v Connor*, 63 NY2d 11 [1984]; *cf. People v Casey*, 95 NY2d 354, 365, 366 [2000]).

■ CPL 210.05 provides that "[t]he only methods of prosecuting an offense in a superior court are by an indictment filed therewith by a grand jury or by a superior court information filed therewith by a district attorney." Clearly, this does not permit final prosecution by way of a felony complaint. Indeed, in *Matter of Morgenthau v Roberts* (65 NY2d 749 [1985]), the Court of Appeals held that Supreme Court does not even have authority to dismiss a felony complaint (*see also People v Alejandro*, 70 NY2d 133, 139 [1987] ["the felony complaint is not the instrument of ultimate prosecution and must be followed by a grand jury proceeding and an indictment based upon legally sufficient grand jury evidence" (internal quotation marks omitted)]). In light of this clear language, we find that the court was not statutorily authorized to accept the instant plea, where the only instrument containing the charges against defendant at the time he pleaded guilty was a felony complaint.

Furthermore, a felony complaint "serves to commence a criminal action but not as a basis for prosecution thereof" (CPL 1.20

[8]; *see also* CPL 180.50 [proceedings on felony complaint required for reduction to nonfelony charge]). Unlike the situation regarding misdemeanor complaints (CPL 1.20 [7]), there is no provision permitting a defendant to consent to final prosecution upon a felony complaint.

Moreover, there is nothing in this record that supports the People's contention that defendant actually waived his right to be prosecuted by an indictment, which requires a written instrument (CPL 195.20), or even that he waived his right to be prosecuted by a misdemeanor information (*cf. People v Connor*, 63 NY2d 11 [1984], *supra* [Court found waiver of right to be prosecuted by information where defendant expressly waived the reading of such right]).

Furthermore, we reject the People's contention that Supreme Court should be deemed to have reinstated the dismissed indictment prior to accepting defendant's plea. Where the court never indicated that it was reinstating the indictment, we cannot find that the indictment was nevertheless somehow revived so as to authorize the instant plea. Indeed, in its decision on defendant's motion to vacate, the court never indicated that it had reinstated the dismissed indictment, which it referred to as a "nullity."

■ Finally, we reject defendant's argument that because the indictment was dismissed, on the ground that he was deprived of the opportunity to appear before the grand jury, the criminal action terminated in his favor and his arrest, prosecution, plea and conviction should be deemed a nullity. An order of dismissal constitutes a bar to any further prosecution of charges, by indictment or otherwise, only in the absence of authorization to re-present. Where an indictment is dismissed with leave to re-present, the underlying accusatory instrument, the felony complaint, remains extant to form the foundation of the charges to be re-presented, if necessary to a new grand jury (*People v Lopez*, 4 NY3d 686 [2005], *affg* 10 AD3d 264 [2004]).

We have considered and rejected the People's remaining arguments.

Accordingly, the judgment of the Supreme Court, New York County (Herbert Altman, J.), rendered February 21, 2001, convicting defendant, upon his guilty plea, of aggravated harassment in the second degree, and sentencing him to a conditional discharge, including seven days of community service and psychological counseling, should be reversed, on the law, the felony complaint reinstated and the matter remanded for further proceedings. Appeals from orders, same court and Justice,

entered on or about July 11, 2002 and April 1, 2004, which denied defendant's motions to vacate the judgment of conviction, should be dismissed as moot.

TOM, J.P., ANDRIAS, ELLERIN, NARDELLI and SWEENY, JJ., concur.

Judgment, Supreme Court, New York County, rendered February 21, 2001, reversed, on the law, the felony complaint reinstated and the matter remanded for further proceedings. Appeals from orders, same court, entered on or about July 11, 2002 and April 1, 2004, dismissed as moot.