OPINION OF THE COURT
Brenda S. Soloff, J.
The parties’ application to approve defendant’s waiver of indictment and guilty plea to a superior court information is denied.
This action commenced with the filing of a felony complaint charging defendant with criminal sale of a controlled substance in the third degree and resisting arrest. There was no preliminary hearing and the defendant did not waive a hearing. He was subsequently charged in a one-count indictment, No. 2800/ 06, with criminal sale of a controlled substance in the third degree. On July 27, 2006, with the People’s consent, I dismissed the indictment against defendant with leave to re-present because he had been deprived of his CPL 190.50 (5) right to testify before the grand jury. The parties, relying on People v Lopez (4 NY3d 686 [2005]), have now requested that in lieu of the re-presentation, I permit defendant to waive indictment and plead guilty under a superior court information (SCI) to attempted criminal sale of a controlled substance in the fifth degree, a charge to which he could not have pleaded guilty under the original indictment. (CPL 220.10 [5] [a] [iii].)
While the cases dealing with waivers and prosecution by SCI after dismissal of an indictment are not entirely consistent, I conclude that, absent a new complaint containing a charge held by criminal court for the grand jury, there can be no SCI in this case. Although Lopez and some of the other cases in the area contain language which might be read to support the result sought by the parties, none of those cases require that result and, indeed, statutory language and holdings in other cases compel denial of the application. In any event, even if I could approve a waiver and SCI, the plea bargain proposed by the parties is illegally low.
Before 1974, the New York Constitution required that all felonies be prosecuted by indictment after presentation to grand juries. That year, by constitutional amendment and enabling statute, the superior court information was created. Designed to help expedite disposition of cases where no life or death sentence *728 could result, article I, § 6 of the State Constitution was amended to provide that
“a person held for the action of a grand jury upon a charge for [an infamous] offense, other than one punishable by death or life imprisonment, with the consent of the district attorney, may waive indictment by a grand jury and consent to be prosecuted on an information filed by the district attorney.”
Criminal Procedure Law § 195.10 [1], implementing the change, provides that
“[a] defendant may waive indictment and consent to be prosecuted by superior court information when:
“(a) a local criminal court has held the defendant for the action of a grand jury; and
“(b) the defendant is not charged with a class A felony; and
“(c) the district attorney consents to the waiver.”
If the defendant waives indictment in the superior court, the waiver must precede “the filing of an indictment by the grand jury.” (CPL 195.10 [2] [b].)
As the Practice Commentaries to that section make clear: “A waiver that does not conform to the statutes is not a valid waiver; and, as the history of the waiver provision shows, New York considers the waiver to be of jurisdictional stature.” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 195.10, at 385-386.) While the Practice Commentaries cite only People v Boston (75 NY2d 585 [1990]) for this proposition, the history of cases invalidating agreed-upon waivers and SCIs for failure to follow precisely the exacting statutory requirements is extensive. (See, e.g., People v Trueluck, 88 NY2d 546 [1996]; People v Casdia, 78 NY2d 1024 [1991]; People v Rivera, 24 AD3d 367 [1st Dept 2005]; People v Donnelly, 23 AD3d 921 [3d Dept 2005]; People v Colon, 16 AD3d 433 [2d Dept 2005]; People v Hancock, 13 AD3d 553 [2d Dept 2004]; People v Ready, 283 AD2d 231 [1st Dept 2001]; People v Robbins, 283 AD2d 152 [1st Dept 2001].)
The issue presented in this case is whether, after dismissal of the indictment pursuant to CPL 190.50 (5), defendant can be considered as having been “held ... for the action of a grand jury” by “a local criminal court” (CPL 195.10 [1] [a]), since “[t]he filing of a felony complaint and the holding of the defendant for grand jury action ‘are explicit statutory prerequisites *729 for the waiver of indictment procedure.’ ” (People v Rivera, supra, 24 AD3d at 370, quoting People v D’Amico, 76 NY2d 877, 880 [1990].) That is, not only must there be a complaint, but the defendant must also have been held on that complaint for the action of the grand jury. The mere pendency of the complaint is not, under the statute, sufficient. (Cf. People v Young, 241 AD2d 690, 692 [3d Dept 1997].) Here, the indictment having preceded any local criminal court disposition of the complaint, the case never was held by a local criminal court for the grand jury.
In People v D’Amico (supra, 76 NY2d 877 [1990]), the Court of Appeals upheld a guilty plea to a superior court information charging first degree criminal use of a firearm notwithstanding the defendant’s pending indictment for second degree murder, attempted second degree murder, second degree assault and second and third degree criminal possession of a weapon “in connection with the same incident.” (Id. at 878.) Critical to the outcome, and in contrast to the CPL 195.10 (2) (b) error in Boston of waiving indictment after the indictment had been filed, was that the D’Amico defendant pleaded guilty to first degree manslaughter to satisfy the indictment, and to the criminal use of a firearm count under a new felony complaint which had been filed to allege that crime. (Accord People v Young, supra, 241 AD2d 690 [1997] [SCI pleas upheld as to defendants indicted for class A-I felony where new felony complaint charging only B felony was filed, but SCI plea vacated as to third defendant for whom no new complaint was filed].) More to the point, in People v Bonnet (288 AD2d 161, 161 [1st Dept 2001]), the First Department upheld the waiver of indictment and SCI because the trial court had dismissed the indictment with leave to re-present and “the People also filed a new felony complaint containing the new charge” contained in the SCI. The charge in that case was then waived to the grand jury.
Unlike D’Amico, Young and Bonnet, this case involves no new felony complaint. Instead, both parties argue that under People v Lopez (4 NY3d 686 [2005]), the original felony complaint resurrected itself upon the CPL 190.50 (5) dismissal. In the People’s words,
“where an indictment is dismissed in its entirety with leave to re-present to a grand jury, the dismissal of the previously filed indictment puts the People back in the position it was in [sic] prior to the filing of the original indictment and the original *730 felony complaint is the instrument on which the defendant is being held for grand jury action.”
In other words, the complaint, having been disposed of once, springs back into action but in a kind of disembodied state in a sort of jurisdictional limbo. If the People really were in the same position they were in prior to the filing of the indictment, they would be in criminal court. But they are not there, do not want to be there and have no way to be there on the original complaint. The original complaint could not be in Supreme Court (except physically in the file of the dismissed case [CPL 180.30 (1); 180.70 (1)]) because Supreme Court does not have jurisdiction to proceed on a complaint (CPL 210.05; People v Wiltshire, 23 AD3d 86 [1st Dept 2005]).
The parties’ analysis stumbles from the outset on a slight but significant tense shift made by them and by some courts. (See, e.g., People v Young, supra, 241 AD2d 690 [1997].) They change the statutory “has held” for grand jury action to their own “is being held” for grand jury action, thereby transforming a past action into a present waiting period and thus suggesting that only the existence of a preindictment felony complaint is required and not its local criminal court disposition. But the statute requires that, to allow an SCI, the complaint must have been disposed of by hearing (CPL 180.70) or by waiver (CPL 180.30) in the local criminal court prior to indictment.
Dismissal of the indictment disposes of the case. The complaint does not reemerge. It has no place to go. It is not, in fact, necessary for a new indictment. The grand jury does not need a complaint in order to act. Indeed, when an indictment against an incarcerated defendant is dismissed with leave to represent, the dismissal order is “deemed to constitute an order holding the defendant for the action of a grand jury with respect to such charge or charges” only “for purposes of this subdivision” allowing continued custody of the defendant for no more than 45 days (CPL 210.45 [9]). It is not the order of a local criminal court and no reference is made to the complaint. Certainly at the one point at which the complaint might, if ever, be revived, it carefully is not. The only, limited function of the order is to provide a basis for continuing to hold the defendant. (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 210.45, at 736.)
Most significant is the fact that the dismissal pursuant to CPL 190.50 is considered a favorable disposition activating the sealing provisions of CPL 160.50. The dismissal in this case was *731 defined by CPL 210.35 (4) and authorized by CPL 210.20 (1) (c). Dismissal pursuant to CPL 210.20 is a favorable disposition terminating the proceeding and authorizing its sealing. (CPL 160.50 [3] [b].) The charge can be renewed within speedy trial limits by a new indictment, or by a new complaint in criminal court held for the grand jury and followed by a superior court information. But the initial case is finished.
This indeed is the teaching of such cases as D’Amico, Bonnet, and Young. And, in People v Lennon (223 AD2d 403 [1st Dept 1996]), the defendant, who had already gained dismissal of the initial indictment, argued that the People had improperly failed to provide notice and an opportunity to testify before the second grand jury. The First Department disagreed, holding that
“[s]ince the defendant had been held for the action of the Grand Jury and since he was, therefore, no longer the subject of an undisposed felony complaint in a local criminal court, the District Attorney was under no affirmative obligation to notify the defendant of prospective or pending Grand Jury proceedings.” (Id. at 404 [emphasis added].)
This holding, that after a CPL 190.50 dismissal, the felony complaint is not revived, was essential to the Court’s decision although at odds with its subsequent language in Lopez and Wiltshire. The absence of an undisposed felony complaint must necessarily also disqualify such defendants from waiving indictment and pleading to an SCI. (See also People v Lindahl, 33 AD3d 1125 [3d Dept 2006] [People required to give notice of grand jury proceeding after dismissal only because defendant gave notice of his wish to testify (CPL 190.50 [5] [b])].)
To the extent that People v Lopez (supra, 4 NY3d 686 [2005]), and People v Wiltshire (supra, 23 AD3d 86 [2005]), appear to contradict these holdings they do so in dicta not controlling here. In Lopez, the trial court “discovered that, although defendant’s name was listed on the cover of the indictment, the two counts in the indictment named only the codefendant.” (People v Lopez, 10 AD3d 264, 264 [1st Dept 2004].) At the next appearance, “[t]he court dismissed the indictment” on defendant’s motion, and defendant waived reindictment and pleaded guilty under an SCI. According to the First Department, this waiver and plea were permissible because the indictment had already been “dismissed” and
“what remain[ed] [was] a pending felony complaint upon which the defendant [was] ‘being held for *732 Grand Jury action’. . . .
“In other words, the procedural posture of this matter was that there was a remaining, extant felony complaint, upon which the People would re-present to a new grand jury, unless a plea to an SCI was taken instead. . . .
“[T]he dismissal of the indictment here did not eliminate the underlying felony complaint. Rather, the underlying accusatory instrument, the felony complaint, remained extant, to form the foundation of the charges to be re-presented, if necessary, to a new grand jury.” (Id. at 266-267.)
Affirming, the Court of Appeals did not adopt such sweeping language, simply agreeing that the waiver and plea were permissible because the indictment had been “dismissed” and representation authorized. (4 NY3d at 689-690.) Neither Court discussed whether the local criminal court had held the defendant for the action of the grand jury.
Notwithstanding the Court of Appeals remark that the grand jury in Lopez had “voted a true bill against defendant” (4 NY3d at 688), the assumption that the trial court in fact “dismissed” the indictment against that defendant is puzzling. As both Courts acknowledged, the indictment did not charge defendant Lopez with any crime. Because the indictment contained no charges against that defendant, there was actually nothing to dismiss, and Lopez remained charged by the original felony complaint alone, qualifying him, it appears, for an SCI plea. To that extent, the appellate courts’ approach was unnecessary to resolution of the case.
Likewise, the First Department’s Lopez-based language in People v Wiltshire (supra, 23 AD3d 86 [2005]), was unnecessary to the Court’s disposition of the case. In Wiltshire, the trial court dismissed the indictment pursuant to CPL 190.50 (5), and then accepted a misdemeanor plea under the felony complaint. Reversing, the Appellate Division held that a felony complaint could not serve as the basis for a prosecution in a superior court. However, the Court rejected the defendant’s argument that upon the trial court’s CPL 190.50 dismissal, the “action terminated in his favor and his arrest, prosecution, plea and conviction should be deemed a nullity.” (Id. at 89.) Citing Lopez and noting that the People were free to re-present after the dismissal, the Court added that “the underlying accusatory instrument, the felony complaint, remains extant to form the founda *733 tion of the charges to be re-presented, if necessary to a new grand jury.” (Id.) Since the grand jury needs no complaint in order to act, that language is dictum.
In short, statutory and case law preclude the waiver and SCI requested by the parties in this case. Even if they did not and the original complaint were still viable and had been held for the grand jury, the application would have to be denied. As stated, the felony complaint and original indictment in this case both charged defendant with a class B felony, and the parties seek a class E disposition. If the indictment remained in effect, such a guilty plea would be illegally low. (CPL 220.10 [5] [a] [iii] [where indictment charges class B drug felony, defendant must plead guilty to at least class D felony].)
That the parties seek to charge defendant by SCI does not avoid this restriction. An “indictment” is defined to “include a superior court information.” (CPL 200.10.) As the Practice Commentaries to CPL 195.10 warn,
“It should not be assumed . . . that D’Amico or any other case has opened the door to use of the waiver provisions for the avoidance of the plea bargaining restrictions in Article 220. The D’Amico opinion specifically emphasized that all other available authority points in the direction of barring the use of the waiver procedure to achieve any such ‘end run’.” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 195.10, at 387.)
Likewise, the Practice Commentaries to CPL 195.20, stressing CPL 220.10’s inclusive definition of “indictment,” reject the notion that “the waiver device could be used to steer around the plea bargaining restrictions,” concluding instead that “[t]he logical, consistent, definitional and perhaps constitutionally mandated approach would be to equate the superior court information to an indictment for purposes of the plea bargaining limitations of Article 220.” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 195.20, at 392.) Like the previous Commentaries, the CPL 195.20 Commentaries noted D’Amico’s observation that no plea restrictions had been avoided, an observation they noted was repeated in People v Menchetti (76 NY2d 473 [1990]). The Commentaries further noted that two Appellate Division cases, People v Banville (134 AD2d 116 [2d Dept 1988]) and People v Cook (93 AD2d 942 [3d Dept 1983]), had *734 refused to uphold SCIs which contravened the plea bargaining restrictions of CPL 220.10. More recent cases have taken the same position. (People v Mays, 171 AD2d 762 [2d Dept 1991]; People v Thomasula, 158 AD2d 126 [4th Dept 1990].)
In summary, I conclude that the proposed waiver of indictment and SCI plea in this case absent a new complaint with a charge held in Criminal Court for grand jury action would violate CPL 195.10 (1). In addition, as proposed it would violate the plea bargaining restrictions of CPL 220.10 (5) if, as the People contend, that original complaint has been revived. Therefore, the parties’ application to approve the waiver and SCI is denied.