People v Abreu (2020 NY Slip Op 07146)





People v Abreu


2020 NY Slip Op 07146


Decided on December 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 01, 2020

Before: Gische, J.P., Webber, Oing, Mendez, JJ. 


Ind. No. 1565/18 Appeal No. 12508 Case No. 2019-987 

[*1]The People of the State of New York, Respondent,
v
Jose Frank Santos Abreu, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Gilbert Zelaya of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael J. Yetter of counsel), for respondent.



Judgment, Supreme Court, New York County (Laurie Peterson, J.), rendered June 14, 2018, convicting defendant, upon his plea of guilty, of conspiracy in the fourth degree, and sentencing him to a term of one to three years, unanimously affirmed.
Defendant challenges the validity of his waiver of indictment. First, he asserts that the record does not reflect that he executed the written waiver in open court. Second, he maintains that the waiver itself did not specify the approximate time that the charged offenses occurred. Third, he contends that the record does not indicate that the waiver was translated into Spanish for him by the interpreter or anyone else. Defendant's claims are without merit.
The record indicates that defendant signed the written waiver of indictment in open court in the presence of his attorney. Defendant was asked by the court if that was his signature which appeared on the waiver of indictment and whether he understood the waiver of indictment when he signed it. Defendant responded "yes" to both questions. Defendant's and his attorney's acknowledgement that defendant signed the written waiver of indictment in open court in the presence of his attorney, and the court's order approving the waiver, establishes that defendant validly waived his right to be prosecuted by indictment (see People v Myers, 32 NY3d 18, 21 [2018]). Defendant's suggestion that the waiver may have been signed before the in-court proceeding is speculative and not supported by the record.
Defendant did not preserve his claims that his written waiver of indictment was invalid because it failed to specify the approximate times that the charged offenses occurred and because the record does not expressly state that the waiver was translated into Spanish for him by the interpreter. These nonjurisdictional claims were forfeited by defendant's guilty plea (see People v Lang, 34 NY3d 545, 568-570 [2019]). As an alternative holding, we reject these claims on the merits. The superior court information, felony complaint and waiver of indictment provided defendant with reasonable notice of the charges including a written time frame within which the charged offenses occurred. Finally, the record supports no inference other than that the Spanish language interpreter, who was present in court for the purpose of interpreting for defendant, translated the waiver of indictment. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 1, 2020