People v Bryant (2022 NY Slip Op 04587)

People v Bryant

2022 NY Slip Op 04587

Decided on July 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 14, 2022

111722
[*1]The People of the State of New York, Respondent,
v
Lamont Bryant, Appellant.

Calendar Date:May 31, 2022

Before:Garry, P.J., Egan Jr., Clark, Aarons and McShan, JJ.

Stephen W. Herrick, Public Defender, Albany (James A. Bartosik Jr. of counsel), for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.

Garry, P.J.
Appeal from a judgment of the County Court of Albany County (Carter, J.), rendered March 26, 2019, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.
In January 2018, defendant was charged, by two felony complaints and one misdemeanor complaint, with assault in the second degree, criminal possession of a weapon in the third degree and resisting arrest, after he allegedly stabbed the victim in the arm with a knife. He was indicted upon two of these charges, assault in the second degree and resisting arrest. Thereafter, defendant agreed to enter into a negotiated plea agreement whereby he would be required to waive indictment and consent to be prosecuted by a superior court information (hereinafter SCI) charging him with criminal possession of a weapon in the third degree, in exchange for a prison term of three to six years. He was also required to waive his right to appeal. Defendant pleaded guilty in accord with the terms of that agreement, and County Court accepted his plea and dismissed the indictment. After defendant unsuccessfully moved to withdraw his guilty plea, County Court sentenced him in accord with the plea agreement. Defendant appeals.
Defendant contends that his conviction and guilty plea should be vacated, advancing two arguments relative to the effectiveness of the SCI. He first asserts that the waiver of indictment was invalid, and the SCI therefore jurisdictionally defective, because the grand jury had already indicted him in relation to the subject incident, preventing the People from proceeding on an SCI as that procedure is permitted only prior to the filing of an indictment. This jurisdictional challenge, which is not subject to the preservation requirement, survives both defendant's unchallenged appeal waiver and his guilty plea (see People v McCall, 194 AD3d 1197, 1197 n [2021]; People v Shindler, 179 AD3d 1306, 1306-1307 [2020]).
Pursuant to NY Constitution, article I, § 6, "[n]o person shall be held to answer for a[n] . . . infamous crime . . . , unless on indictment of a grand jury, except that a person held for the action of a grand jury upon a charge for such an offense, . . . with the consent of the district attorney, may waive indictment by a grand jury and consent to be prosecuted on an information filed by the district attorney; such waiver shall be evidenced by written instrument signed by the defendant in open court in the presence of his or her counsel." As alluded to by defendant, CPL article 195 further provides that a defendant "may waive indictment and consent to be prosecuted by [SCI] . . . in . . . the appropriate superior court, at any time prior to the filing of an indictment by the grand jury" (CPL 195.10 [1], [2] [b]). However, "[a] defendant may not waive indictment while he [or she] is already under indictment, unless the charge for which indictment is being waived is in an accusatory instrument separate from that upon which [*2]he [or she] was already indicted" (People v Lopez, 10 AD3d 264, 265 [2004], affd 4 NY3d 686 [2005]; see People v D'Amico, 76 NY2d 877, 879 [1990]; People v Verrone, 266 AD2d 16, 17 [1999]).
Defendant was arraigned and held for grand jury action on all three of the above charges, which were instituted by three separate criminal complaints, but the weapons charge to which he ultimately pleaded guilty was not submitted to the grand jury and was not part of the indictment. The waiver of indictment addressed the weapons charge alone. These facts are analogous to People v D'Amico (76 NY2d 877 [1990]), wherein a defendant's waiver of indictment was deemed valid given that the waiver of indictment only applied to a single charge that was part of a separate felony complaint that had not been submitted to the grand jury; "[t]hat [the] defendant had been indicted for [a different felony] did not prohibit a waiver of indictment on the new charge contained in the felony complaint" (id. at 879). "[A] prior indictment, even if based on the same or related conduct, does not preclude a defendant from waiving his or her rights with respect to charges contained in another felony complaint, on which the [g]rand [j]ury has not yet acted" (People v McKnight, 241 AD2d 690, 691 [1997]). Thus, as defendant was never indicted on the separate complaint containing the weapons charge to which he ultimately pleaded guilty, the subject prosecution by SCI was not prohibited (see People v Lopez, 4 NY3d 686, 689-690 [2005]; People v D'Amico, 76 NY2d at 879; People v McKnight, 241 AD2d at 691; compare People v Boston, 75 NY2d 585, 587, 589 [1990]).[FN1]
Defendant's second claim is that there is no evidence in the record that the written waiver of indictment was signed, purportedly rendering the waiver jurisdictionally defective; this argument is also unavailing. The transcript clearly reveals that defendant and his counsel signed the waiver document in the course of the plea proceeding, as County Court expressly noted that fact on the record; this is also later confirmed within the court's written order approving the waiver of indictment. This "record evidence sufficiently demonstrates that [defendant] signed the waiver in open court" (People v Myers, 32 NY3d 18, 21 [2018]; see People v Alvarez, 191 AD3d 1015, 1015 [2021], lv denied 37 NY3d 953 [2021]; People v Abreu, 189 AD3d 419, 419-420 [2020], lv denied 36 NY3d 1055 [2021]). We therefore find that defendant's waiver of indictment and SCI are valid (see People v Myers, 32 NY3d at 21; People v Ramos, 189 AD3d 586, 586-587 [2020], lv denied 36 NY3d 1059 [2021]).[FN2]
Turning to defendant's contention that County Court abused its discretion in denying his motion to withdraw his guilty plea, "[t]rial courts have a vital responsibility to ensure that a defendant who pleads guilty makes a knowing, voluntary and intelligent choice among alternative courses of action" (People v Conceicao, 26 NY3d 375, 382 [2015] [internal quotation [*3]marks and citation omitted]; accord People v Buchanan, 202 AD3d 1166, 1166 [2022], lv denied 38 NY3d 1007 [2022]). "[A]bsent some evidence of innocence, fraud or mistake in its inducement, withdrawal of a guilty plea is generally not permitted" (People v Burks, 187 AD3d 1405, 1406 [2020], lv denied 36 NY3d 1095 [2021]; see People v Belile, 137 AD3d 1427, 1428 [2016], lv denied 27 NY3d 1128 [2016]).
As an initial matter, defendant's argument that he was coerced into pleading guilty as a result of allegedly defective grand jury proceedings was not advanced in his motion to withdraw his guilty plea and is thus unpreserved (see People v Phillip, 200 AD3d 1108, 1108 [2021]; People v Gassner, 193 AD3d 1182, 1184-1185 [2021], lv denied 37 NY3d 956 [2021]). His other arguments challenging the voluntariness of his guilty plea are "not precluded by the appeal waiver and ha[ve] been preserved by his unsuccessful motion to withdraw his plea" (People v Walker, 173 AD3d 1561, 1561-1562 [2019]; see People v Colon, 122 AD3d 956, 957 [2014]).
Defendant's assertion that he was under the influence of prescription narcotics at the time of his guilty plea, such that his plea was not knowing, voluntary and intelligent, is belied by the record. During the plea colloquy, defendant did indicate that he had taken medication in the prior few days that would affect him mentally, but he then affirmatively answered County Court's inquiry as to whether he was currently thinking clearly. Given defendant's sworn affirmation of his clear mind, this claim lacks merit (see People v Gassner, 193 AD3d at 1184; People v Galagan, 35 AD3d 973, 974 [2006]). To the extent that defendant contends that he was coerced into a guilty plea due to the potential exposure to a life sentence and persistent violent felony offender status, this allegation "do[es] not amount to coercion but, rather, represent[s] the type of situational coercion faced by many defendants who are offered a plea deal, which did not render his plea involuntary" (People v LaPierre, 189 AD3d 1813, 1815 [2020] [internal quotation marks and citations omitted], lv denied 36 NY3d 1098 [2021]; see People v Seuffert, 104 AD3d 1021, 1021-1022 [2013], lv denied 21 NY3d 1009 [2013]). Accordingly, County Court's denial of defendant's motion was not an abuse of discretion.
Egan Jr., Clark, Aarons and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: We approve this procedure in this instance without condoning it; although we are applying the cited authority, this is not the best practice (see People v D'Amico, 76 NY2d at 881 [Kaye, J., dissenting]).

Footnote 2: As there is no basis to dismiss the SCI as jurisdictionally defective, there is no need to consider whether reinstatement of the indictment would be proper. Defendant's argument concerning the People's alleged failure to present exculpatory information to the grand jury is therefore moot (see People v Abdulla, 118 AD3d 1462, 1462-1463 [2014], lv denied 25 NY3d 987 [2015]; Matter of Duve v Richards, 81 AD3d 1226, 1227 [2011]).