■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD FISHON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Slavin, J.), rendered May 20, 1980, as amended April 17, 1981, convicting him of robbery in the first degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. Judgment, as amended, affirmed. Defendant pleaded guilty to robbery in the first degree and criminal possession of a weapon in the second degree upon the court's promise that he would be sentenced as a persistent violent felony offender to concurrent indeterminate terms of imprisonment of 12½ years to life and four and one-half to nine years, respectively. Sometime after imposition of the sentences as promised, it was determined that the latter sentence violated section 70.08 of the Penal Law, which mandates a minimum sentence of eight years to life imprisonment for a persistent violent felony offender who stands convicted of a class C felony. When defendant appeared to be resentenced, he moved to withdraw his plea, and Criminal Term conducted a hearing on the motion. At the hearing, defendant alleged that he had been subjected to surgery and extended hospitalization as a result of certain wounds received at the time of his arrest, and the resulting pain, coupled with the administration of pain-killing medicines, had impaired his ability to knowingly and intelligently plead guilty. In addition, he claimed that his attorney had failed to provide adequate representation, and had, in fact, coerced him to plead guilty. At the conclusion of the hearing, Criminal Term denied defendant's motion and proceeded to resentence him to an indeterminate term of imprisonment of eight years to life, to run concurrently with the previously imposed sentence. Criminal Term did not abuse its discretion in denying the motion upon the grounds raised by defendant (CPL 220.60, subd 3). The record of the plea and the testimony of defendant's prior counsel at the hearing on defendant's motion to withdraw his plea unequivocally refuted defendant's claims and established that he had pleaded guilty knowingly, intelligently and voluntarily, with an understanding of the proceedings and of the consequences of his decision, and that he had been represented by competent counsel (*People v Eagan*, 90 AD2d 909; *People v Brockway*, 88 AD2d 1039). O'Connor, J. P., Weinstein, Bracken and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRWIN C. JAFFE, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Plumadore, J.), rendered June 17, 1982, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious grounds which could be raised upon this appeal. Counsel's application to be relieved as counsel is granted (see *Anders v California*, 386 US 738; *People v Paige*, 54 AD2d 631; cf. *People v Gonzalez*, 47 NY2d 606). Damiani, J. P., Mangano, Gulotta and Brown, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK KELLEY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (Ingrassia, J.), rendered April 19, 1982, convicting him of forgery in the second degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application to withdraw as counsel is granted (see *Anders v California*, 386 US 738; *People v Paige*, 54 AD2d 631; cf. *People v Gonzalez*, 47 NY2d 606). Damiani, J. P., Mangano, Gulotta and Brown, JJ., concur.