■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. LIBBY, Appellant. [668 NYS2d 397] —Appeal by the de-

fendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered August 16, 1996, convicting him of sexual abuse in the second degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the plea of guilty is vacated, Superior Court Information No. 1303/96 is dismissed, Suffolk County Indictment No. 1888/95 is reinstated, and the matter is remitted to the County Court, Suffolk County, for further proceedings on the indictment.

Pursuant to Suffolk County Indictment No. 1888-95, the defendant was charged with multiple counts of rape, sodomy, and sexual abuse committed against two individuals based on events alleged to have occurred in February 1993 and August 1994. Following a defense application for an in camera inspection of the Grand Jury minutes, the County Court dismissed eight of the nine counts contained in the indictment for insufficient evidence, with leave to the People to represent. The defendant thereafter executed a waiver of indictment and consented to be prosecuted by Superior Court Information No. S-1303-96, charging him with two counts of sexual abuse in the second degree. The information alleged that the acts constituting sexual abuse were committed against the same two individuals and occurred during the month of February 1993. The defendant then entered a plea of guilty to the counts set forth in the Superior Court Information and was sentenced thereon. During the plea proceedings, the defendant waived his right to appeal. He now contends that his waiver of indictment and his plea of guilty to the Superior Court Information were nullities because the waiver of indictment did not comport with statutory requirements. We agree and reverse the judgment.

Initially, appellate review of the defendant's contention is appropriate. "Failure to adhere to the statutory procedure for waiving indictment * * * may be considered jurisdictional, affecting 'the organization of the court or the mode of proceedings prescribed by law' " (*People v Boston*, 75 NY2d 585, 589, n). Since the defect alleged by the defendant is jurisdictional in nature, consideration of the defendant's argument is not foreclosed by his consent to the procedure, his plea of guilty, his failure to preserve the issue, or his waiver of the right to appeal (*see, People v Boston, supra; People v Banville*, 134 AD2d 116).

Turning to the merits, the defendant is correct in contending that his waiver of the indictment was ineffective. Pursuant to CPL 195.10 (2) (b), the waiver must be exercised prior to the

filing of an indictment by the Grand Jury. Since the defendant's waiver of indictment and consent to be prosecuted by Superior Court Information occurred *after* an indictment covering the same criminal transactions had already been returned by the Suffolk County Grand Jury, the waiver of the indictment was completely invalid (*see, People v Casdia*, 78 NY2d 1024; *People v Boston, supra; People v Banville, supra*). The record wholly fails to substantiate the People's assertion that the criminal transactions underlying the information to which the defendant pleaded guilty are different from those covered by the indictment. Indeed, the People concede that they "are not specifically aware" of any additional or independent felony complaint having been filed in support of the Superior Court Information, nor does the record suggest that any separate felony complaint exists. Given the fact that the victims, the dates, and the factual allegations found in the information are identical to those set forth in portions of the indictment, we find the People's contention to be entirely unpersuasive.

Accordingly, the defendant's plea of guilty to the offenses contained in the Superior Court Information must be vacated and the parties must be restored to the status quo ante by reinstatement of Indictment No. 1888-95, as modified by the County Court's order following its in camera inspection of the Grand Jury minutes. Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.