■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN VIANO, Appellant. [731 NYS2d 500] —Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Rotker, J.), rendered August 24, 1999, convicting him of driving while intoxicated as a felony, after a nonjury trial, and imposing sentence, and (2) a resentence of the same court, imposed January 12, 2000.

Ordered that the judgment and the resentence are affirmed.

The defendant was indicted on one count of driving while intoxicated as a felony, pursuant to Vehicle and Traffic Law § 1192 (3). Although the defendant's prior conviction of driving while intoxicated elevated the offense charged from a misdemeanor to a felony, the prosecution did not file a special information regarding the prior conviction at the same time as the indictment, pursuant to CPL 200.60. The trial court, over the defendant's objection, granted the prosecution's request to file the special information prior to the close of the People's case.

Contrary to the defendant's contention, the prosecution's

failure to file a special information at the same time as the indictment, pursuant to CPL 200.60, was a nonjurisdictional, procedural defect (*see, People v DiCarluccio,* 168 AD2d 509; *People v Gill,* 109 AD2d 419; *People v Giuliano,* 52 AD2d 240; *Wright v Davies,* 41 AD2d 879). Moreover, CPL 200.60 (3) provides that a court may arraign a defendant upon a special information in the absence of a jury at any time "[a]fter [the] commencement of the trial and before the close of the people's case." As such, the trial court providently exercised its discretion in allowing the prosecution to file the special information prior to the close of the People's case.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moroever, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). O'Brien, J. P., Friedmann, Smith and Cozier, JJ., concur.