■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK C. WEEKES, Appellant. [813 NYS2d 188]——

Appeal by the defendant, by permission, as limited by his briefs, from so much of an order of the County Court, Orange County (Berry, J.), dated December 31, 2003, as, upon reargument, granted that branch of his motion which was to vacate a judgment of the County Court, Orange County, rendered February 27, 2001, on the ground that he was never informed about postrelease supervision, only to the extent of reducing the period of postrelease supervision from five years to four years.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the motion which was to vacate the judgment on the ground that the defendant was never informed about postrelease supervision is granted, and the matter is remitted to the County Court, Orange County, for further proceedings in accordance herewith.

As the Court of Appeals has held, "[b]ecause a defendant pleading guilty to a determinate sentence must be aware of the postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action, the failure of a court to advise of postrelease supervision requires reversal of the conviction" (*People v Catu,* 4 NY3d 242, 245 [2005]). Here, the defendant pleaded guilty knowing that he would be sentenced to a

determinate term within a range specified by the court, but no one at the plea proceeding was aware that postrelease supervision was a mandatory component of the sentence. Mandatory postrelease supervision made it impossible for the defendant to receive a prison term at the low end of the specified range. That the defendant was not ultimately sentenced to a term at the low end of the range is irrelevant; he did not know the true range of his sentencing exposure when he pleaded guilty. This vitiated the knowing, voluntary, and intelligent nature of the plea. Consequently, on remittal, he must be given the opportunity to withdraw his plea. If he chooses not to, the court may sentence him to any lawful sentence within the range to which the defendant originally agreed (*cf. People v Ingoglia,* 305 AD2d 1002, 1003 [2003]). To the extent that our decision is inconsistent with that of the Third Department in *People v Van Deusen* (19 AD3d 747 [2005], *lv granted* 6 NY3d 781 [2006]), we decline to follow that decision.

Additionally, we note that a defendant has a statutory right to be present at the time sentence is pronounced (*see* CPL 380.40 [1]), and this right applies to resentencing or amendment of a sentence (*see People v Garrison,* 9 AD3d 436 [2004]; *People v Horton,* 296 AD2d 466, 467 [2002]). Here, upon determining that the defendant's original sentence did not comply with the terms of the plea bargain, the court ordered that the sentence be amended, but it did not do so in the defendant's presence. As the People correctly concede, this requires that the defendant be resentenced (*see People v Garrison, supra; People v Horton, supra*).

The defendant's remaining contentions are without merit. Miller, J.P., Crane, Luciano and Rivera, JJ., concur.