■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK C. WEEKES, Also Known as MARK C. WEEKS, Appellant. [847 NYS2d 214]—

Appeal by the defendant from an amended judgment of the County Court, Orange County (Berry, J.), rendered June 2, 2006, convicting him of burglary in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the amended judgment is affirmed.

On September 29, 2000 the defendant pleaded guilty to burglary in the first degree in exchange for a sentencing recommendation of between 5 and 14 years of imprisonment. At the time of his plea, the defendant was not informed by either his attorney or the sentencing court that pursuant to Penal Law § 70.45 (1) a period of post-release supervision was a mandatory component of his sentence. At sentencing, the court imposed a 10-year term of imprisonment, but failed to include a period of post-release supervision. When the defendant began serving his sentence, the New York State Department of Correctional Services added a five-year period of post-release supervision. Subsequently, the defendant moved to vacate his judgment of conviction and withdraw his plea, arguing that the failure to inform him that his sentence included post-release supervision vitiated the knowing, voluntary, and intelligent nature of his plea. The County Court denied his motion but modified his sentence to include a four-year period of post-release supervision. After a Justice of this Court granted the defendant leave to appeal, we reversed (*see People v Weekes*, 28 AD3d 499 [2006]) and granted the defendant's motion, directing the County Court, upon remittal, to afford the defendant the opportunity to withdraw his plea of guilty (*cf. People v Hill*, 9 NY3d 189 [2007]). If the defendant decided not to withdraw his plea, the County Court was instructed to "sentence him to any lawful sentence within the range to which the defendant originally agreed" (*People v Weekes*, 28 AD3d at 500). Upon remittal, the defendant declined to withdraw his plea of guilty, and the County Court resentenced him to a term of 10 years' imprisonment and a four-year period of post-release supervision.

Contrary to the defendant's contention, the County Court did not err when it resentenced him. Rather, in accordance with this Court's directive, the County Court imposed a "lawful sentence within the range to which the defendant originally agreed" (*see People v Weekes*, 28 AD3d at 500).

There is no merit to the defendant's contention that the

County Court Judge who accepted the defendant's plea of guilty and imposed the initial sentence should have, upon remittal, recused himself from the proceedings. Absent a legal disqualification under Judiciary Law § 14, a judge is the sole arbiter of recusal (*see People v Moreno*, 70 NY2d 403, 405 [1987]). This decision is within the personal conscience of the court and will not be overturned absent an improvident exercise of discretion (*id.; see Modica v Modica*, 15 AD3d 635, 636 [2005]; *People v Grier*, 273 AD2d 403, 405 [2000]). Contrary to the defendant's contention, there is no evidence in the record to suggest that the County Court Judge was biased (*see People ex rel. Rivas v Walsh*, 40 AD3d 1327, 1328[2007]; *People v Grier*, 273 AD2d at 405).

The defendant's remaining contentions are without merit. Crane, J.P., Lifson, Covello and McCarthy, JJ., concur.