THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BAXTER, Appellant. [927 NYS2d 606]

The defendant contends that his plea was not knowingly, voluntarily, and intelligently made, and that the People failed to file a special information charging that he had previously been convicted of driving while intoxicated. These claims are unpreserved for appellate review since the defendant did not move to withdraw his plea or otherwise raise the issue before the Supreme Court (*see People v Hardee*, 84 AD3d 835 [2011]; *People v Kulmatycski*, 83 AD3d 734 [2011]). In any event, the defendant's contention that his plea was not knowingly, voluntarily, and intelligently made is without merit. As to his claim that the People failed to file a special information pursuant to CPL 200.60 charging that he had previously been convicted of driving while intoxicated, that procedural defect was waived by defendant's plea of guilty (*see People v Sanchez*, 55 AD3d 460 [2008]; *People v Viano*, 287 AD2d 584 [2001]).

Further, because the defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed, he has no basis to now complain that his sentence was excessive (*see People v Nimerofsky*, 78 AD3d 735 [2010]; *People v De Alvarez*, 59 AD3d 732 [2009]; *People v Fanelli*, 8 AD3d 296 [2004]; *People v Kazepis*, 101 AD2d 816 [1984]). In any event, the sentence imposed was not excessive (*see People v Suitte*, 90 AD3d 80 [1982]). Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.