Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chin-Brandt, J., at plea; Melendez J., at sentencing), rendered July 12, 2010, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, since his waiver of indictment satisfied all of the requirements of the New York Constitution and CPL article 195, the waiver of indictment was valid (see NY Const, art I, § 6; CPL 195.10, 195.20; People v Pierce, 14 NY3d 564, 567-568 [2010]).
Contrary to the defendant’s contention, inasmuch as the defendant’s recitation of the facts underlying the crime to which he pleaded guilty did not cast significant doubt upon his guilt or otherwise call into the question the voluntariness of his plea, the Supreme Court did not have a duty to inquire further to ensure that the defendant’s plea of guilty was knowing and voluntary (see People v Lopez, 71 NY2d 662, 666 [1988]).
The Supreme Court providently exercised its discretion in denying, without a hearing, the defendant’s motion to withdraw his plea of guilty. The defendant’s contention that he had a *811 valid justification defense which his prior attorney would not pursue was supported only by a conclusory statement of his new attorney (see People v Maye, 64 AD3d 617, 618 [2009]; People v Montalvo, 63 AD3d 1089, 1090 [2009]; People v Mann, 32 AD3d 865, 866 [2006]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Mastro, J.P., Dickerson, Lott and Austin, JJ., concur.