■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIO YUNGA, Appellant. [997 NYS2d 470]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chin-Brandt, J.), rendered September 19, 2006, convicting him of operating a motor vehicle while under the influence of alcohol, as a felony, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of operating a motor vehicle while under the influence of alcohol, as a felony, upon his plea of guilty. Prior to pleading guilty, the defendant waived his right to be indicted by a grand jury and agreed to proceed by Superior Court Information. The defendant, inter alia, challenges the validity of that waiver.

The defendant's challenge to the validity of his waiver of indictment is not forfeited by his plea of guilty and would not be precluded by any valid waiver of the right to appeal (*see People v Boston*, 75 NY2d 585, 589 n [1990]; *People v Sze*, 113 AD3d 795 [2014]; *People v Libby*, 246 AD2d 669, 670-671 [1998]). Nor does that claim require preservation (*see People v Boston*, 75 NY2d at 589 n).

However, it is without merit. The record does not support the defendant's assertion that he was not held for the action of a grand jury prior to his execution of the waiver of indictment (*see People v Hart*, 171 AD2d 755, 756 [1991]), as required by statute (*see* CPL 195.10 [1] [a]). The fact that the case was transferred from a local criminal court to the Supreme Court, which certified that all statutory requirements were met for a waiver of indictment, demonstrates to the contrary (*see People v Simmons*, 110 AD3d 1371, 1372-1373 [2013]; *People v Davenport*, 106 AD3d 1197, 1197-1198 [2013]). Further, where, as here, the defendant's "waiver of indictment satisfied all of the requirements of the New York Constitution and CPL article 195, the waiver of indictment was valid" (*People v Gramola*, 102 AD3d 810, 810 [2013]; *see People v Hanely*, 107 AD3d 917 [2013]).

The defendant additionally claims that the People failed to file a special information pursuant to CPL 200.60, charging that he had previously been convicted of driving while intoxicated. However, that nonjurisdictional procedural defect was forfeited by the defendant's plea of guilty (*see People v Brown*, 113 AD3d 632 [2014]; *People v Baxter*, 86 AD3d 648 [2011]; *People v Viano*, 287 AD2d 584, 585 [2001]). Rivera, J.P., Skelos, Dickerson and Barros, JJ., concur.