THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE SMITH, Appellant. [999 NYS2d 459]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered June 6, 2012, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

A judge is the sole arbiter of the need for recusal absent a legal disqualification under Judiciary Law § 14, and a court's decision whether to recuse is a matter of discretion and personal conscience (*see People v Moreno*, 70 NY2d 403, 405-406 [1987]; *Matter of State of New York v Leon F.*, 84 AD3d 1098, 1100 [2011]). Here, nothing the Supreme Court said during the proceedings gave any hint of any judicial bias (*see People v Weekes*, 46 AD3d 583, 584-585 [2007]). To the contrary, the record at both the plea proceeding and the proceeding at which assigned counsel was relieved from representing the defendant establishes that the court carefully and directly explained the defendant's options to him. Thus, there was no basis to question the court's ability to fairly decide the defendant's motion to withdraw his plea of guilty. Accordingly, the Supreme Court providently exercised its discretion in refusing to recuse itself from deciding the defendant's motion to withdraw his plea of guilty (*see People v Brockway*, 88 AD2d 1039, 1040 [1982]).

The decision whether to permit a defendant to withdraw a plea of guilty, as well as the nature and extent of the fact-finding inquiry, rests largely within the sound discretion of the court (*see* CPL 220.60 [3]; *People v Brown*, 14 NY3d 113, 116 [2010]; *People v DeBenedetto*, 120 AD3d 1428, 1429 [2014]). Here, the Supreme Court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty without a hearing (*see People v DeBenedetto*, 120 AD3d at 1429). Initially, the record of the plea proceeding belies the defendant's conten-

tion that he was not aware of the postrelease supervision component of the agreed-upon sentence until after he actually entered his plea of guilty. When the court first delineated the proposed agreement, it told the defendant that the sentence would include a five-year period of postrelease supervision (*cf. People v Catu*, 4 NY3d 242, 245 [2005]). The defendant's further contention that the court and his assigned counsel forced him to plead guilty is similarly without merit. The court's colloquy with the defendant as to his options was thorough, and not coercive. In addition, even accepting the truth of the matter asserted in the affidavits of the defendant and his mother that were submitted in support of the motion, nothing that assigned counsel allegedly said to the defendant before he entered his plea of guilty was coercive. Rather, the affidavits, if true, would merely establish that assigned counsel, who had worked diligently to obtain the best disposition possible for her client, fulfilled her professional obligations in advising the defendant as to whether to accept the plea offer. Under the circumstances of this case—including the defendant's oft-stated desire not to go to trial; the strength of the People's evidence as shown in the record of the pretrial proceedings; and the life sentence that the defendant would have faced if convicted after trial—counsel's strongly worded advice that the defendant accept the plea offer was not coercive (*cf. generally Boria v Keane*, 99 F3d 492 [2d Cir 1996]). Accordingly, inasmuch as the record before the Supreme Court established that the defendant entered his plea of guilty knowingly, voluntarily, and intelligently, the court did not improvidently exercise its discretion in denying the defendant's motion to withdraw his plea without a hearing, and there is no basis for this Court to reverse the judgment of conviction (*see People v Bediako*, 119 AD3d 598, 598 [2014]; *People v Mirecki*, 63 AD3d 1089, 1089 [2009]; *People v Fishon*, 97 AD2d 773, 773 [1983]). Skelos, J.P., Balkin, Austin and Barros, JJ., concur.