■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN ALLEYNE, Appellant. [4 NYS3d 548]—

Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Suffolk County (Efman, J.), imposed December 19, 2013, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (*see People v Bradshaw*, 18 NY3d 257, 264-267 [2011]; *People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Lopez*, 6 NY3d 248, 255 [2006]; *People v Brown*, 122 AD3d 133 [2014]; *People v Stanley*, 99 AD3d 955 [2012]). Eng, P.J., Mastro, Dickerson and LaSalle, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARIS BASTARDO, Appellant. [4 NYS3d 549]—

Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Hirsch, J.), rendered April 16, 2012, convicting him of criminal possession of a controlled substance in the fourth degree under Superior Court information No. 4/11, upon his plea of guilty, and imposing sentence, and (2) three judgments of the same court (Melendez, J.), all rendered January 29, 2013, as amended January 30, 2013, each convicting him of attempted robbery in the first degree under Superior Court information Nos. 1249/12, 1250/12, and 1251/12, respectively, upon his plea of guilty (Chin-Brandt, J.), and imposing sentence.

Ordered that the judgment rendered April 16, 2012, and the judgments rendered January 29, 2013, as amended January 30, 2013, are affirmed.

Contrary to the defendant's contention, his waivers of indictment were valid (*see* NY Const, art I, § 6; CPL 195.10, 195.20; *People v Yunga*, 122 AD3d 951, 951 [2014]; *People v Hanely*, 107 AD3d 917, 917 [2013]; *People v Gramola*, 102 AD3d 810, 810 [2013]). Therefore, the defendant was properly prosecuted by Superior Court Information. Skelos, J.P., Balkin, Hall and Maltese, JJ., concur.