■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTIN LAWLESS, Appellant. [19 NYS3d 429]—Appeal by the defendant from a judgment of the County Court, Nassau County (Prager, J.), rendered March 6, 2014, convicting him of attempted burglary in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The decision whether to permit a defendant to withdraw a plea of guilty, as well as the nature and extent of the fact-finding inquiry, rests largely within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion (*see* CPL 220.60 [3]; *People v Brown*, 14 NY3d 113, 116 [2010]; *People v Smith*, 123 AD3d 950 [2014]). Here, the County Court did not improvidently exercise its discretion in denying the defendant's two motions to withdraw his plea of guilty, without a hearing (*see People v Smith*, 123 AD3d 950 [2014]; *People v DeBenedetto*, 120 AD3d 1428, 1429 [2014]). The record establishes that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered. Contrary to the defendant's contention, the waiver of indictment was valid, as his waiver of indictment and his prosecution by superior court information satisfied all of the requirements of the New York Constitution and CPL article 195 (*see* NY Const, art I, § 6; CPL 195.10, 195.20; *People v Pierce*, 14 NY3d 564, 567-568 [2010]; *People v Gramola*, 102 AD3d 810 [2013]). Furthermore, the defendant did not demonstrate that the prosecutor made an affirmative misrepresentation about the strength of the People's case, and any misapprehension by the defendant as to the nature of the evidence against him was not a sufficient ground to vacate his plea (*see People v Jones*,

44 NY2d 76, 80-83 [1978]; *People v Smith*, 105 AD3d 1065, 1066 [2013]). Leventhal, J.P., Roman, Hinds-Radix and Barros, JJ., concur.