THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CATHERINE JANELLE, Appellant. [45 NYS3d 500]—

Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Rosengarten, J.), rendered August 6, 1998, convicting her of attempted criminal sale of a controlled substance in the third degree, upon her plea of guilty, and imposing sentence, and (2), by permission, from an order of the same court (Mullings, J.), dated December 4, 2014, which, after a hearing, denied her motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment is reversed, on the law, the defendant's plea is vacated, the superior court information is dismissed, the felony complaint is reinstated, the matter is remitted to the Supreme Court, Queens County, and the People are granted leave to present this matter to a grand jury; and it is further,

Ordered that the appeal from the order is dismissed as academic in light of our determination on the appeal from the judgment.

By felony complaint dated May 22, 1998, the defendant was charged with criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]), two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Criminal possession of a controlled substance in the first degree is a class A-I felony (*see* Penal Law § 220.21).

In connection with a negotiated plea, the defendant executed a written waiver of indictment, agreeing to be prosecuted by a superior court information charging her with attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39). The defendant also executed a written waiver of the right to appeal. The defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree in full satisfaction of the superior court information.

The matter comes before us on direct appeal from the defendant's judgment of conviction, and on an appeal from an order of the Supreme Court denying, after a hearing, the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction. The defendant contends, inter alia, that her waiver of indictment was invalid. We agree.

Contrary to the People's contention, "[t]he defendant's challenge to the validity of [her] waiver of indictment is not forfeited by [her] plea of guilty and would not be precluded by any valid waiver of the right to appeal" (*People v Yunga*, 122 AD3d 951, 951 [2014]; *see People v Barnhill*, 130 AD3d 839 [2015]). "Nor does that claim require preservation" (*People v Barnhill*, 130 AD3d at 839), as the "[f]ailure to adhere to the statutory procedure for waiving indictment . . . may be considered jurisdictional, affecting 'the organization of the court or the mode of proceedings prescribed by law' " (*People v Boston*, 75 NY2d 585, 589 n [1990], quoting *People v Patterson*, 39 NY2d 288, 295 [1976], *affd* 432 US 197 [1977]).

CPL 195.10 provides, in relevant part, that "[a] defendant may waive indictment and consent to be prosecuted by superior court information when . . . the defendant is not charged with a class A felony punishable by death or life imprisonment." Thus, the Court of Appeals has held: "[W]hen an accused is held for Grand Jury action upon a felony complaint that charges a class A felony . . . a waiver of indictment with respect to that felony complaint is unauthorized" (*People v Trueluck*, 88 NY2d 546, 551 [1996]). Here, the felony complaint charged the defendant with criminal possession of a controlled substance in the first degree. That crime is a class A-I felony (*see* Penal Law § 220.21), which is punishable by an indeterminate sentence with a mandatory maximum term of life imprisonment (*see* Penal Law § 70.00 [2] [a]). Accordingly, the defendant could not waive indictment and agree to be prosecuted by superior court information (*see People v Trueluck*, 88 NY2d at 551; *People v Woolson*, 195 AD2d 949, 949-950 [1993]; *People v Murphy*, 147 AD2d 715, 716-717 [1989]; *People v Sledge*, 90 AD2d 588 [1982]).

Under these circumstances, the judgment of conviction must be reversed, the defendant's plea vacated, the superior court information dismissed, the felony complaint reinstated, and the matter remitted to the Supreme Court, Queens County, with leave granted to the People to present the matter to a grand jury.

In light of the foregoing, the appeal from the order denying the defendant's motion pursuant to CPL 440.10 is academic,

and must be dismissed. Leventhal, J.P., Cohen, Miller and Connolly, JJ., concur.