■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE AQUART, Appellant. [49 NYS3d 632]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Everett, J.), rendered August 7, 2014, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the validity of his waiver of indictment was not forfeited by his plea of guilty or precluded by his valid waiver of the right to appeal (*see People v Boston*, 75 NY2d 585, 589 n [1990]; *People v Janelle*, 146 AD3d 808 [2017]; *People v Barnhill*, 130 AD3d 839, 839 [2015]; *People v Yunga*, 122 AD3d 951, 951 [2014]; *People v Sze*, 113 AD3d 795 [2014]; *People v Libby*, 246 AD2d 669, 670-671 [1998]). A challenge to the validity of a waiver of indictment does not require preservation (*see People v Boston*, 75 NY2d at 589 n; *People v Barnhill*, 130 AD3d at 839; *People v Yunga*, 122 AD3d at 951). Nevertheless, contrary to the defendant's contention, his waiver of indictment was valid (*see* NY Const, art I, § 6; CPL 195.10, 195.20; *People v Barnhill*, 130 AD3d at 839; *People v Bastardo*, 127 AD3d 776, 776 [2015]; *People v Hanely*, 107 AD3d 917 [2013]; *People v Newson*, 106 AD3d 839 [2013]; *People v Gramola*, 102 AD3d 810 [2013]). Mastro, J.P., Chambers, Miller and Barros, JJ., concur.