People v Grof (2018 NY Slip Op 01328)





People v Grof


2018 NY Slip Op 01328


Decided on February 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-06105

[*1]The People of the State of New York, respondent,
v
Robert Grof, appellant. (S.C.I. No. 565/16)


Arza Feldman, Uniondale, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (W. Thomas Hughes of counsel; Kyle H. Fitzpatrick on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (William Donnino, J.), rendered April 29, 2016, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Although a defendant's challenge to the validity of a waiver of indictment is not forfeited by a plea of guilty and is not precluded by any valid waiver of the right to appeal (see People v Yunga, 122 AD3d 951, 951), the defendant's contention that his waiver of indictment was rendered invalid by the Supreme Court's correction of the proposed superior court information is without merit. Contrary to the defendant's contention, the provisions of CPL 200.70(1) do not govern the correction, since the correction, which was fully and accurately disclosed to the defendant and his attorney, was made prior to the execution of the defendant's waiver of indictment and prior to the filing of the superior court information (see CPL 195.40). In any event, the correction did not prejudice the defendant on the merits (see CPL 200.70[1]).
The defendant's contention that the Supreme Court erred in determining that it did not have the authority at the time of sentencing to defer payment of the crime victim assistance fee and the DNA databank fee imposed pursuant to CPL 60.35 survives a valid waiver of the right to appeal (see People v Thompson, 150 AD3d 1156, 1157). However, his contention is without merit (see People v Jones, 26 NY3d 730).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court