People v Gringer (2018 NY Slip Op 02339)





People v Gringer


2018 NY Slip Op 02339


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2016-09357
 (Ind. No. 197-15)

[*1]The People of the State of New York, respondent,
v
Todd Gringer, appellant.


Todd S. Gringer, named herein as Todd Gringer, Pomona, NY, appellant pro se.
Timothy D. Sini, District Attorney, Riverhead, NY (Michael J. Brennan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John J. Toomey, J.), rendered January 26, 2016, convicting him of driving while intoxicated as a felony in violation of Vehicle and Traffic Law § 1192(3), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the Judge of the County Court who presided over the defendant's plea of guilty and sentencing should have recused himself is without merit. "Where, as here, no basis for disqualification pursuant to Judiciary Law § 14 was presented, it was up to the conscience and discretion of the justice to decide whether or not to recuse himself" (People v Harris, 133 AD3d 880, 880; see People v Moreno, 70 NY2d 403, 405; People v Smith, 123 AD3d 950; People v Weekes, 46 AD3d 583, 585; People v Daly, 20 AD3d 542). Here, there is no evidence in the record to suggest that the County Court Judge was biased, nor is there any basis on which to reasonably question the court's ability to impartially preside over the matter (see People v Smith, 123 AD3d 950; People v Weekes, 46 AD3d at 585). Indeed, the court offered a more lenient sentencing promise than that proposed by the People and recommended by the Department of Probation. Accordingly, the County Court Judge did not improvidently exercise his discretion in declining to recuse himself.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
BALKIN, J.P., AUSTIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court