People v Batista (2018 NY Slip Op 07137)





People v Batista


2018 NY Slip Op 07137


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2017-04993

[*1]The People of the State of New York, respondent,
v
Jose E. Batista, appellant. (S.C.I. No. 55/16)


Steven A. Feldman, Uniondale, NY (Arza Feldman of counsel), for appellant.
Madeline Singas, District Attorney, Mineola, NY (Laurie K. Gibbons and Mary Faldich of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Meryl J. Berkowitz, J.), rendered March 25, 2016, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty. Prior to pleading guilty, the defendant waived his right to indictment and agreed to proceed by Superior Court Information. The defendant also waived his right to appeal.
We need not determine whether the defendant's purported waiver of the right to appeal was invalid (cf. People v Ward, 140 AD3d 903, 904; People v Harvey, 137 AD3d 1162, 1163), since the defendant's contentions would survive even a valid waiver of the right to appeal (see People v Corr, 159 AD3d 918; People v Thompson, 150 AD3d 1156, 1157; People v Aquart, 149 AD3d 768; People v McLean, 77 AD3d 684).
The defendant's challenge to the validity of his waiver of indictment was not forfeited by his plea of guilty (see People v Boston, 75 NY2d 585, 589; People v Janelle, 146 AD3d 808; People v Barnhill, 130 AD3d 839, 839). Further, a challenge to the validity of a waiver of indictment does not require preservation (see People v Boston, 75 NY2d at 589; People v Barnhill, 130 AD3d at 839). Nevertheless, contrary to the defendant's contention, his waiver of indictment was valid (see NY Const, art I, § 6; CPL 195.10, 195.20; People v Corr, 159 AD3d 918; People v Aquart, 149 AD3d 768; People v Barnhill, 130 AD3d 839; People v Yunga, 122 AD3d 951; People v McIntyre, 178 AD2d 559, 559-560).
The defendant's remaining contentions are unpreserved for appellate review, and we decline to reach them in the exercise of our interest of justice jurisdiction.
CHAMBERS, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court