People v Giddens (2019 NY Slip Op 04195)





People v Giddens


2019 NY Slip Op 04195


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-06373

[*1]The People of the State of New York, respondent,
v
Ralph Giddens, appellant. (S.C.I. No. 15-595)


Calhoun & Lawrence, LLP, White Plains, NY (Clinton W. Calhoun III of counsel), for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (John J. Carmody and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Rolf M. Thorsen, J., at plea; Larry J. Schwartz, J., at sentence), rendered March 29, 2017, convicting him of grand larceny in the second degree and criminal tax fraud in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the validity of his waiver of indictment is not forfeited by his plea of guilty and does not need to be preserved for appellate review (see People v Boston, 75 NY2d 585, 589; People v Anderson, 149 AD3d 766, 766-767; People v Libby, 246 AD2d 669, 670). However, the defendant's contention that his waiver of indictment was invalid is without merit. Contrary to the defendant's contention, his written waiver of indictment satisfied all of the requirements of the New York Constitution and CPL article 195 (see People v Surico, 138 AD3d 899, 899; People v Lawless, 133 AD3d 884, 884; People v Gramola, 102 AD3d 810, 810). Additionally, during the plea allocution, the defendant acknowledged that he understood the waiver (see People v Hickson, 165 AD3d 1166, 1167).
The defendant's contention that his plea of guilty was involuntary, unknowing, and not intelligently entered is unpreserved for appellate review, since he failed to move to withdraw the plea before sentencing (see People v Bridgers, 159 AD3d 715, 715; People v Woods, 138 AD3d 1153, 1154; People v Newson, 106 AD3d 839, 840). In any event, the plea was voluntarily, knowingly, and intelligently entered (see People v Pellegrino, 26 NY3d 1063, 1063; People v Conceicao, 26 NY3d 375, 382-383; People v Tyrell, 22 NY3d 359, 365).
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court